GLADYS W. EMERY *vs.* GEORGE G. MILLER.

GLADYS A. KILLAM *vs.* SAME.

FRANCIS E. EMERY *vs.* SAME.

WILLIAM H. KILLAM *vs.* SAME.

Middlesex.    October 18, 1918. — October 29, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Negligence,* Motor vehicle, Use of highway.

If a person is driving a motor car at the rate of from thirty-five to forty miles an hour at night on a State highway, of which the travelled part wrought with macadam is sixteen feet wide, when two pedestrians are ahead of him upon this travelled part of the way, which is lighted brilliantly by the headlights of his car and by the searchlight of a street railway car that he just has passed, and runs into the pedestrians, in an action against him for the injuries thus caused it can be found that the rate of speed at which the defendant was driving was excessive and dangerous to travellers and that he was violating St. 1909, c. 534, §§ 14, 16, and was negligent.

If, after the enactment of St. 1914, c. 553, two girls were walking at night slightly at the left of the centre of the travelled macadam part of a State highway, which was sixteen feet wide and had at the left of it the tracks of a street railway, all the rest of the highway, including a dirt sidewalk, being muddy, and when they already were in the glare of the brilliant searchlight of a street railway car, there came behind them a motor car with strong headlights and running at an excessive rate of speed, whereupon the girls started to run and made a dash across the street to the extreme right of the macadam, where they were run into and injured by the motor car, whereas if they had stopped where they were they would not have been struck, in actions against the driver of the car for their injuries thus caused it was *held* that, even if in view of what

happened the girls did not choose the wisest course in the instant permitted them for decision, their conduct was not conclusive against them upon the question of their negligence.

Four actions of tort, the first two for personal injuries sustained by the plaintiffs in those actions, who were minors, on the evening of March 20, 1917, on Main Street in the town of Reading by being run into by a motor car alleged to have been driven negligently by the defendant, and the last two actions by the respective fathers of the minors for expenses incurred by reason of their injuries. Writs dated July 20, 1917.

The defendant in his answer in each of the two cases for personal injuries alleged that the plaintiff was not in the exercise of due care and was guilty of negligence which contributed to her injury. In each of the two cases for expenses incurred by reason of the injuries the defendant alleged in his answer that the plaintiff's minor daughter alleged in the declaration to have been injured was not in the exercise of due care and was guilty of negligence which contributed to such injuries.

In the Superior Court the cases were tried together before *J. F. Brown,* J. At the close of the plaintiffs' evidence, which is described in the opinion, the judge ruled that St. 1914, c. 553, did not require him to submit the cases to the jury, and he thereupon ordered a verdict for the defendant in each of the cases. The plaintiffs alleged exceptions.

Sections 14 and 16 of St. 1909, c. 534, "An Act relative to motor vehicles and to the operation thereof," contain the following provisions:

"Section 14. . . . Upon approaching a pedestrian who is upon the travelled part of any way and not upon a sidewalk . . . every person operating a motor vehicle shall slow down and give a timely signal with his bell, horn or other device . . ."

"Section 16. Every person operating a motor vehicle on any way in this Commonwealth shall run it at a rate of speed at no time greater than is reasonable and proper, having regard to traffic and the use of the way and the safety of the public. . . ."

*E. A. Whitman,* for the plaintiffs.

*E. C. Stone,* for the defendant.

Rugg, C. J. Two girls about seventeen or eighteen years of age were walking hand in hand slightly to the left of the sixteen

feet wide macadam part of a State highway in the town of Reading at about ten o'clock on a March evening. Other parts of the way including a dirt sidewalk were muddy. From behind, upon tracks on the side of the road, an electric car approached with a searchlight which made brilliant the part of the road where the girls were. They had an indubitable right to be travelling where they were. An automobile with headlights also approached from behind, driven by the defendant at a rate of speed estimated according to some testimony at thirty-five or forty miles an hour. There was an elevation in the road over the brow of which both the electric car and the automobile came, so that when the lights shone down on the road the girls were two or three hundred feet away. In this distance the automobile driven on the right hand side of the macadam passed the electric car, and having been turned slightly further to the right struck both the girls causing severe injuries to each.

There can be no question that there was sufficient evidence of negligence on the part of the defendant. He was violating St. 1909, c. 534, §§ 14, 16. The speed at which he was driving might have been found to have been excessive and dangerous to other travellers.

There was evidence of due care on the part of the plaintiffs. They were upon a part of the highway where they had a right to travel. They rationally might assume that, even though they were on a main thoroughfare, a driver of an automobile would not violate the statutory law or be careless, and they might act to some extent upon that assumption. Neither a pedestrian nor a traveller by automobile has rights superior to those of the other. Each is bound to act with reasonable regard to the presence of the other. The testimony as to the conduct of the plaintiffs was to the effect that as the automobile came over the top of the hill and was distant two hundred or three hundred feet from the plaintiffs, when they were within the full glare both of the searchlight of the electric car and of the headlights of the automobile, "the girls started to run across to the right." "When they started to run, they ran quickly" and made "a dash across the street;" "they must have heard the automobile and they jumped over to their right . . . without stopping to look when they started, they ran right across to their right" and if they had stopped where

they were they would not have been struck and would have been safe. They were hit on the extreme right of the macadam. It cannot be said to be an irrational inference from this testimony that the girls, startled by the combined light of the electric car and the automobile, and having every reason to believe that a position to the right of the macadam part of the way would be safe, and knowing that a very brief time would enable them to run to that place of security, took that course in the instant permitted them for decision. Such a conclusion does not seem as matter of law more wanting in care than to remain on the left of the macadam part of the highway, where they would be within the narrow space between the electric car and the automobile provided the latter kept strictly to the right. If the defendant had been travelling at a lawful rate of speed, the girls would have reached a place of safety. Even if they did not pursue the wisest course in the light of what happened, that is not decisive against them.

*Exceptions sustained.*