JOSEPH RIZZO *vs.* JOHN F. AHERN.

Middlesex.    November 4, 1931. — December 28, 1931.

Present: RUGG, C.J., WAIT, SANDERSON, & FIELD, JJ.

*Negligence,* Contributory, Motor vehicle, In use of way.

At the trial of an action of tort for personal injuries sustained in a collision between a bicycle ridden by the plaintiff and an automobile driven by the defendant, there was evidence that, previous to the collision, the plaintiff was riding on a public way at the rate of about nine miles per hour toward a driveway entering the way from his right, on which, when twenty feet away, he saw the defendant's automobile approaching the way at the rate of about fourteen miles per hour and about fifty feet from it; that the plaintiff kept on, without giving any warning signal and looking straight ahead, and, when he reached the driveway, the automobile "had passed the sidewalk and was on top of him." The condition of the automobile and of the bicycle tended strongly to cast doubt on the plaintiff's account of the accident. The defendant's testimony was to the effect that his view was obstructed by a fence, that he looked in the plaintiff's direction as soon as he could, that he never saw the plaintiff, and that he drove slowly. A motion that a verdict be ordered for the defendant was denied. There was a verdict for the plaintiff. *Held,* that
(1) It could not be said as a matter of law that the plaintiff was guilty of contributory negligence;
(2) A finding of negligence on the part of the defendant was warranted.

TORT. Writ in the Second District Court of Eastern Middlesex dated December 2, 1930.

On removal to the Superior Court, the action was tried before *Hanify,* J. Material evidence is stated in the opinion. The judge denied a motion that he order a verdict for the defendant. There was a verdict for the plaintiff in the sum of $3,065. The defendant alleged exceptions.

*F. J. Carney,* (*W. J. Killion* with him,) for the defendant.
*H. L. Barrett,* (*J. E. Picone* with him,) for the plaintiff.

WAIT, J. The plaintiff was injured and his bicycle was damaged in a collision with an automobile driven by the defendant. Upon conflicting evidence it could be found

that the plaintiff, while travelling easterly on Pond Street, in Waltham, and approaching a driveway entering the street on his right, saw the automobile coming toward the street along the driveway about fifty feet from the street and moving at about fourteen miles per hour. He was himself moving at about nine miles per hour straight along the carriage way of the street about two feet from the sidewalk edge, and was about twenty feet from the driveway. He kept on, looking straight ahead. When he reached the driveway the automobile "had passed the sidewalk and was on top of him." It cannot be said as matter of law that such findings require a further finding of lack of due care on the part of the plaintiff. Jurors could properly determine that in proceeding without further observation of the automobile he was entitled to expect either that he would pass in front of it safely at their relative speeds as he then believed them to be, or that the chauffeur would slacken speed on approaching the sidewalk and seeing a passer on the roadway.

The defendant testified that he did not see the plaintiff at any time before the collision; that he drove slowly out of the driveway to cross a low gutter and turn to drive along Pond Street in the direction from which the plaintiff came; that until he reached the inside edge of the sidewalk he could not see along Pond Street in that direction because of a high board fence; that he looked along Pond Street in that direction when he reached a point where it was possible, but saw no one. Jurors who believed the plaintiff's story could properly find the defendant careless in failing to see a man on a bicycle close at hand, and in failing to check his speed until the traveller had passed in safety.

The condition of the automobile and of the bicycle tended strongly to show that the plaintiff hit the automobile after the driver had passed him either on the sidewalk or on the roadway; and cast doubt on the plaintiff's account. What was to be taken as true and what inferences were to be drawn were, however, for the jury. No horn or other signal of approach was given by either party. The plaintiff cannot complain of the defendant's failure in this respect for

he testified that he saw the automobile coming down the driveway. Such failure thus had no causal connection with the accident. *Anger* v. *Worcester Consolidated Street Railway*, 231 Mass. 163, 165. But if the jurors believed that no signal was given, they could weigh the fact with the evidence of speed and of failure to see the plaintiff, in deciding whether the defendant was using the care of an ordinarily prudent man as he went, with his limited outlook, along the driveway out on to the street.

The judge was right in refusing to direct a verdict for the defendant. The only exception claimed is to this refusal.

*Exception overruled.*