JAMES WHITE *vs*. CHECKER TAXI COMPANY.

Suffolk.    February 8, 1933. — September 12, 1933.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Negligence*, Employer's liability: effect of workmen's compensation act; Motor vehicle; In use of way; Contributory. *Evidence*, Presumptions and burden of proof.

A taxicab driver, who was employed by a taxicab corporation insured under the workmen's compensation act and who had not made a reservation of his rights at common law, was struck, as he was leaving his employer's garage after finishing his day's work, by another taxicab driven by a fellow employee and brought an action of tort at common law against the corporation to recover for injuries thus sustained, at the trial of which the evidence on the issue, whether, when he was struck, he was on the defendant's premises, was conflicting. *Held*, that in view of the conflict of evidence, it was proper for the trial judge to refuse to rule that as a matter of law the defendant's insurance under the workmen's compensation act barred the plaintiff's recovery in the action at law.

A request for an instruction, at the trial of the action above described, that "If the accident out of which it is alleged the plaintiff's accident arose occurred on the defendant's premises, the plaintiff cannot recover," which was refused in that form, was in substance given in the judge's charge as the law applicable in the circumstances stated if the jury found that the defendant had given the notice of insurance required by the workmen's compensation act; and therefore no error was shown.

At the trial of the action above described, there was evidence that, in leaving the garage, the plaintiff had used the means of exit commonly employed by the defendant's drivers and had come upon the sidewalk where as a traveller he had the right to be; that it was daylight; that he then looked to the right and to the left, when he got to the street, could see around him ten feet, and saw no automobile; that he proceeded to his left in a diagonal direction in front of an entrance to the garage, and was almost across that area when he was struck by the right hand front mudguard and bumper of the

taxicab, which had approached from his right; that the plaintiff's body was thrown or rolled from the sidewalk to a point twelve or fifteen feet inside the garage upon the ramp, used by entering vehicles, which led upward to the second floor of the garage; that the taxicab continued seventy feet up the ramp inside the garage before it stopped; and that the plaintiff had knowledge that the particular portion of the sidewalk opposite the entrance to the garage was used by taxicabs in entering the building. There was no evidence as to the extent of such use at that or at any other time of day. A motion that a verdict be ordered for the defendant was denied. *Held*, that

(1) It could not properly have been ruled as a matter of law that there was no evidence of negligence of the driver of the taxicab;

(2) It could not properly have been ruled as matter of law that the defendant had sustained the burden of proving that the plaintiff was guilty of contributory negligence;

(3) The quantity of care a person is required to use for his own safety is that which is proportionate to the dangers which reasonably are to be anticipated;

(4) The plaintiff was where he had a right to be and had the right to rely to some extent on the belief that the driver of any taxicab of the defendant which should turn from the street and cross the sidewalk would not negligently run him down.

TORT. Writ dated January 4, 1929.

In the Superior Court, the action was tried before *Macleod*, J. There was evidence that there were two doors to the garage of the defendant, above one of which were the words, "exit only" and above the other the words, "entrance only." Material evidence and rulings by the trial judge are described in the opinion. There was a verdict for the plaintiff in the sum of $1,500. The defendant alleged exceptions.

*E. T. Doherty*, for the defendant.

*J. E. O'Connell*, for the plaintiff.

DONAHUE, J. The plaintiff, who was employed by the defendant as a taxicab driver, had finished his day's work at about 6:30 on the evening of the accident, had left his taxicab in the defendant's garage and had started homeward when he was struck by a taxicab of the defendant driven by another of its employees. Although there was evidence warranting a finding by the jury that the plaintiff was struck while on the premises of the defendant and inside the garage, there was other testimony which if believed would have warranted the finding that at the time

of the collision the plaintiff was on the sidewalk in front
of the garage and not on the defendant's premises.   The
defendant in its answer pleaded, and there was evidence
showing, that it held a policy of insurance under the work-
men's compensation act (G. L. [Ter. Ed.] c. 152) which
policy at the time of the accident was in full force and effect.
The plaintiff had made no reservation of his common law
rights at the time of his employment.   Since the jury
might on the evidence have found that the accident oc-
curred after the plaintiff had ended his day's work and had
left his employer's premises, the defendant's request for a
ruling of law, in substance that the defendant's insurance
under the workmen's compensation act barred his recovery
in an action at law, was rightly refused.  *Bell's Case*, 238
Mass. 46.  The defendant's other request for the instruc-
tion that "If the accident out of which it is alleged the
plaintiff's accident arose occurred on the defendant's
premises, the plaintiff cannot recover" was in substance
given in the judge's charge as the law applicable in the
circumstances stated if the jury found that the defendant
had given the notice of insurance required by the act
(G. L. [Ter. Ed.] c. 152, § 22).

There was evidence from which the jury might have
found that shortly before the collision the taxicab which
hit the plaintiff had turned off the part of the highway
commonly used by vehicles and on to that portion com-
monly used as a sidewalk, and was headed toward the
entrance to the garage, and that the plaintiff used the
means of exit commonly employed by the defendant's
drivers in leaving the building and had come upon the
sidewalk where as a traveller he had the right to be.   It
was daylight and there was nothing to obstruct the view
of the driver of the taxicab as he came along the street,
made the turn and was crossing the sidewalk.   An inference
that the taxicab was driven at a considerable rate of speed
might be drawn from the testimony that the plaintiff's
body was thrown or rolled from the sidewalk to a point
twelve or fifteen feet inside the garage upon the ramp used
by entering vehicles which led upward to the second floor

of the garage and the testimony that the taxicab went seventy feet up the ramp inside the garage before it stopped. The defendant excepted to the denial of its motion for a directed verdict. On the evidence the ruling could not be made that there was no evidence of negligence of the driver of the taxicab.

Although the question is close we do not think it could properly have been ruled as matter of law that the defendant had sustained the burden of proving that the plaintiff was guilty of contributory negligence. He had, it is true, the knowledge that the particular portion of the sidewalk opposite the entrance to the garage was used by taxicabs in entering the building but there is no evidence as to the extent of such use at that or at any other time of day. Having left the garage he was proceeding in a diagonal direction toward a trolley pole located somewhat to his left as he came out of the building. It was admitted that before making the turn the taxicab had been proceeding in the street from the plaintiff's right. The plaintiff testified that upon leaving the garage and again when he got down to the street he stopped and looked both ways, that he could see to his left and diagonally to his right, that he could see across the street, but saw no automobile. The plaintiff as it might have been found was almost across that area of the sidewalk which was directly in front of the entrance when he was struck by the right hand front mudguard and bumper of the taxicab. On cross-examination he testified that he could see quite a distance around him when he looked and finally he definitely estimated the distance that he could see around him as ten feet. The quantity of care a person is required to use for his own safety is that which is proportionate to the dangers which reasonably are to be anticipated. A pedestrian walking on a sidewalk, even if he be at a place also at times used rightfully by vehicles, reasonably may anticipate less frequent and serious dangers than if he were walking in that portion of the highway where vehicles regularly go. The plaintiff was where he had a right to be and had the right to rely to some extent on the belief that the driver of any taxicab of the defendant which

should turn from the street and cross the sidewalk would not negligently run him down. *McGuiggan* v. *Atkinson*, 278 Mass. 264. *Cairney* v. *Cook*, 266 Mass. 279. The plaintiff did not abandon all care for his own safety and when struck was almost beyond the path of any taxicab which might enter the garage. Viewing as we must the evidence in the light most favorable to the plaintiff, we cannot say that the judge erred in submitting the question of the plaintiff's care to the decision of the jury. We treat as waived certain exceptions taken by the defendant but not argued before us.

*Exceptions overruled.*