Louise Byrne *vs.* Bernard V. Dunn.

Middlesex.    November 6, 1936. — December 2, 1936.

Present: Rugg, C.J., Field, Donahue, & Qua, JJ.

*Negligence,* Motor vehicle, In use of way, Contributory. *Evidence,* Of warning signal.

A finding of negligence of the operator of an automobile was warranted by evidence that, though he saw a pedestrian in the street ahead, he gave no signal of his approach and, misjudging his ability to stop, "got too close," skidded upon ice and struck the pedestrian.

A ruling, that a pedestrian, walking in the part of the way used by vehicles because the sidewalk was icy, was guilty of contributory negligence, was not required by evidence that he knew of the approach of an automobile from behind when it was one hundred feet away and made an unsuccessful attempt to get out of the way when it was only a few feet away.

Evidence, that a nearby witness did not hear any warning given by the driver of a motor vehicle of his approach, was admissible to prove that none was given.

Tort. Writ in the Superior Court dated August 10, 1934.

The action was tried before *Brogna,* J. There was a verdict for the plaintiff in the sum of $3,000. The defendant alleged exceptions.

*J. G. Bryer,* (*M. F. Wingersky* with him,) for the defendant.

*H. P. Brennan,* for the plaintiff.

QUA, J. On January 11, 1934, about 10:15 P.M. the plaintiff, while walking with a companion, one Mary Golden, easterly on their right hand side of Lakeview Avenue in Lowell, was struck from behind and injured by an automobile which was being driven by the defendant in the same direction.

There was evidence for the plaintiff that the two girls had been walking in the part of the way used by vehicles for about five minutes because of ice upon the sidewalk; that the ice extended out from the right curbstone to within three or four feet of the nearest rail of the double car tracks; that they walked in this space between the ice and the rail; that the street was a lighted highway; and that the windows of stores on one side were lighted. Mary Golden testified for the plaintiff that she looked behind her and saw the automobile approaching about one hundred feet away; that she told the plaintiff of this fact; that two or three minutes later she saw the automobile about five feet directly behind herself and the plaintiff, "almost on top of us"; that she "made for the sidewalk to her right, grabbed the plaintiff who broke away from her, and who ran toward the middle of the street two or three steps out to about the first or most southerly car rail," where the automobile struck the plaintiff; and that she heard no horn from the automobile.

The plaintiff herself testified that she did not look behind when Mary Golden first informed her of the approach of the automobile; that Mary Golden again spoke to her telling her to look out and she then turned around and saw an automobile. There was also evidence that after the accident the defendant said that he was going about twenty-five or thirty miles an hour; that he saw the two girls walking in the road; that "he thought that he could stop up but he got too close and when he went to stop he skidded and

struck Louise"; that he was driving on ice and she was walking on ice; and that it was "just one of those things, an accident," without fault of either party. The defendant rested at the conclusion of the plaintiff's evidence. It was agreed at the argument that the plaintiff was of such age and capacity that she was bound to use the care of an adult.

On this evidence the judge could not properly have directed a verdict for the defendant. The plaintiff was within her rights in walking in the part of the street used by vehicles. *Booth* v. *Meagher,* 224 Mass. 472. *Emery* v. *Miller,* 231 Mass. 243. The jury were not obliged to accept the defendant's contention that the plaintiff suddenly ran from a place of safety to a place of danger in front of the defendant's automobile. They could take the view that the plaintiff's position in the street had been rendered unsafe by the defendant's rapid approach and that the plaintiff ran in an instinctive effort to escape. *Emery* v. *Miller,* 231 Mass. 243, 246. The case is therefore distinguishable from *Stafford* v. *Jones,* 292 Mass. 489, and other cases cited by the defendant. There was ample evidence of the defendant's negligence in not taking adequate and timely means to avoid hitting the plaintiff, whom he could see walking in the street, before he skidded, if he did skid. *Mulroy* v. *Marinakis,* 271 Mass. 421. *Carbonneau* v. *Cavanaugh,* 290 Mass. 139. *Hall* v. *Shain,* 291 Mass. 506, 509. *Arnold* v. *Brereton,* 261 Mass. 238, 241. The evidence does not demonstrate as matter of law that the plaintiff was guilty of contributory negligence. She was under no absolute obligation to look back when first informed of the approach of the automobile. She could rely to some extent upon the expectation that the defendant would not carelessly run her down. *Emery* v. *Miller,* 231 Mass. 243, 245. *Burns* v. *Oliver Whyte Co. Inc.* 231 Mass. 519, 521. *Hutchinson* v. *H. E. Shaw Co.* 273 Mass. 51, 52. *Pease* v. *Lenssen,* 286 Mass. 207, 208. *Crowley* v. *Freeman,* 291 Mass. 105. She could also rely to some extent upon the fact that her companion, who had looked, continued walking as before. *Belleveau* v. *S. C. Lowe Supply Co.* 200 Mass. 237.

There was no error in admitting testimony of the witness

Golden that she heard no horn from the defendant's automobile. The jury could have found that this witness was near enough and alert enough to have heard, if the horn had in fact been sounded. *Hough* v. *Boston Elevated Railway*, 262 Mass. 91. *Cairney* v. *Cook*, 266 Mass. 279, 282. There was no error in instructing the jury that they might consider any failure to blow his horn which contributed to the accident as bearing upon the question of the defendant's negligence. Although the plaintiff already knew that an automobile was behind her, the jury could find that a timely warning from the horn would have indicated its nearer approach and the intention of the driver to continue in a course involving peril to the plaintiff of which she might otherwise remain unaware. See *Rizzo* v. *Ahern*, 278 Mass. 5, 7.

*Exceptions overruled.*