BURLINGAME MOTORS CORPORATION, Respondent, v. WILLIAM H. THURBER and PHILIP LOMBARDI, Doing Business as SILVER LAKE GARAGE, Appellants. RUFUS BURLINGAME, an Infant, by WESCOTT BURLINGAME, His Guardian ad Litem, Respondent, v. WILLIAM H. THURBER and PHILIP LOMBARDI, Doing Business as SILVER LAKE GARAGE, Appellants. ALBERT SHIELDS, Respondent, v. BURLINGAME MOTORS CORPORATION, Defendant, WILLIAM H. THURBER and PHILIP LOMBARDI, Doing Business as SILVER LAKE GARAGE, Appellants. ETHEL SHIELDS, Respondent, v. BURLINGAME MOTORS CORPORATION, Defendant, WILLIAM H. THURBER and PHILIP LOMBARDI, Doing Business as SILVER LAKE GARAGE, Appellants. EMMA ADELE THURBER, Respondent, v. PHILIP LOMBARDI, Doing Business as SILVER LAKE GARAGE, Appellant.— Defendants William H. Thurber and Philip Lombardi appeal from judgments in favor of plaintiffs Burlingame Motors Corporation, Rufus Burlingame, an infant, Albert Shields, Ethel Shields, and Emma Adele Thurber, which judgments have been duly entered in the Albany county clerk's office, and from orders therein entered denying defendants' motion to dismiss the complaints and also denying defendants' motions to set aside the verdicts and for a new trial. The actions are brought in negligence, as the result of an automobile accident which occurred about midnight of February 24, 1940, on a highway in the county of Albany known as the Menands road, which runs in a general easterly direction from the Loudonville road to Broadway in the village of Menands. At the time of the accident the plaintiffs Albert Shields, Ethel Shields and Emma Thurber were riding in an automobile owned by the defendant Philip Lombardi and driven by William Thurber in an easterly direction. It came in collision with the car owned by Burlingame Motors Corporation and driven by Rufus Burlingame in a westerly direction at a point on the Menands road between the Loudonville road and Broadway in the village of Menands. A question of fact was presented and the verdicts of the jury are amply supported by the evidence. The appellants contend that the Lombardi car skidded on an

icy roadway, and that the facts come within the decision of *Lahr* v. *Tirrill* (274 N. Y. 112). We are not impressed with this contention. The instant case does not present the same situation as found in the *Lahr* case, which involved only the matter of a car skidding on an icy road. Here, the jury well might have found, and apparently did find, that the driver of the Thurber car could see the dangerous condition of the highway as he passed over the top of the hill and in the exercise of reasonable care and the slackening of speed could have gotten his car under control before it reached the portion of the road covered with ice. The question of the negligence of the driver of the car was properly submitted to the jury and this court should not interfere with the verdicts rendered. The judgments and orders appealed from should be affirmed. Judgments and orders unanimously affirmed, with costs. Present — Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ.