Pahker, J.
This is an action of tort for property damage to the plaintiff’s car. The answer sets up a general denial and a plea of contributory negligence. The issue in this case arises from a collision between two motor cars, one of which was proceeding westerly on a public street in Springfield and the other was backing out of a driveway into said street. At the hearing, only the plaintiff testified.
The report in paragraphs two, three and four gives the following comprehensive and detailed statement of the evidence and other proceedings of the trial:
“On direct examination, he (plaintiff) testified that he was proceeding westerly on Carew Street, a public highway in Springfield, about five or seven feet from his right-hand or north curbing of Carew Street, at a speed of about twenty miles per hour; that he saw the defendant’s truck backing out of a driveway on the north side of Carew Street, onto Carew Street, and that he thought it was going to stop; that he saw some children coming out of school on Carew Street, as he drove along, and that the defendant’s truck backed into the right side of his car.
“On cross-examination, he (plaintiff) testified that he was one hundred feet away from the defendant’s truck when he first saw it backing out onto Carew Street at a speed of about five miles per hour, and that he (the plaintiff) never decreased his speed nor changed his position in the roadway, which was four or five feet from the north curb of Carew Street; that he did not see the defendant’s truck again during the one *285 hundred feet that he traveled up to the place the collision occurred and that, during the time he traversed that distance of one hundred feet to where the accident occurred, he did not know whether the defendant truck was moving or stopped; that there were no children in the road as he drove along Carew Street and that he did not know how near the nearest schoolchild was.
“After the plaintiff had testified, the Court informed counsel that the Court was of the opinion that on the plaintiff’s own testimony, he was guilty of contributory negligence. The plaintiff offered no further testimony and rested. The defendant also rested without offering any evidence.”
The plaintiff, at the close of the evidence, seasonably filed a single request for ruling, viz:
“Upon all the evidence the Court is warranted in finding the plaintiff not guilty of contributory negligence.”
The Court made the following finding of facts:
“The Court finds from the plaintiff’s own testimony that he was travelling about five or seven feet from the curbing on his right-hand side on Carew Street in Springfield and was proceeding west at a rate of about twenty miles per hour, when he first saw the defendant truck backing out of a driveway at the plaintiff’s right-hand side onto Carew Street, at a rate of about five miles per hour; that he never thereafter decreased his own speed nor changed his position in the roadway ; that he didn’t see the defendant truck again during the one hundred feet to' the impact point although it was in plain view ahead of him and that during the entire distance of one hundred feet he did not know whether the truck was moving or not. I find the plaintiff was guilty of contributory negligence and so deny the plaintiff’s single request for ruling.”
*286 The Court denied the plaintiff’s single request for ruling. The Court found for the defendant.
The report in this case is subject to the construction that the Trial Judge found as a fact that the plaintiff was guilty of contributory negligence. It is true that such a finding of fact might have justified his refusal to grant the plaintiff’s only request for ruling. However, it is to be noted that the last paragraph of the report states that the plaintiff claims to be aggrieved “by the Court’s ruling that the plaintiff as a matter of law was guilty of contributory negligence”. Under the procedure adopted by the Trial Judge in this case and his statement that he is reporting a ruling of law, it may be said that we are bound to take him at his word and so construe his statement.
This case comes within the reasoning in Rizzo vs. Ahern, 278 Mass. 5, in which the facts are quite similar. In Brightman vs. Blanchette, 307 Mass, at 586 occurs the following statement: “Where a collision occurs between automobiles at an intersection of ways, the question whether there has been negligence on the part of either or both of the operators is generally one of fact, and ordinarily this is true of collisions at other places upon a highway.” See Aromando vs. Leach, 306 Mass. 286. Had this case been tried before a jury, it should have gone to the jury for a decision upon the facts. The Trial Judge heard the case without a jury and should have allowed the plaintiff to produce all of his evidence, should have made no statement whatever as to his opinion as to the law upon hearing only the plaintiff, and should have decided the case on the law and the facts after all the evidence had been presented.
We find prejudicial error and direct that the case shall be sent back for a new trial.