HARRY S. LEVIN *vs.* TWIN TANNERS, INC.

Essex.     February 5, 1945. — March 2, 1945.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & SPALDING, JJ.

*Negligence,* Motor vehicle; Use of way; Contributory; Employer's liability: fellow servant. *Workmen's Compensation Act,* Waiver of common law rights, Injuries to which act applies. *Agency,* Scope of authority or employment.

A finding of negligence of the operator of a motor truck was warranted by evidence of the circumstances in which the truck, proceeding without chains on a down grade on an icy and very slippery street through a narrow space between parked vehicles, skidded and struck a pedestrian whom the operator had seen standing in that space when the truck started down the grade.

Evidence of the circumstances in which a pedestrian, standing on a very slippery street on a down grade in a narrow space between parked vehicles, was struck by a skidding motor truck which had turned a corner and started down the grade while his attention was temporarily diverted from the street by a conversation, and of which he did not become aware until it was too late to avoid being struck, did not require a finding of contributory negligence on his part.

A waiver by an employee of right of action at law by failure to give notice under § 24 of the workmen's compensation act does not bar an action by him against his employer for personal injuries not compensable under the act.

Injuries, sustained by an employee of a subscriber under the workmen's compensation act when a motor truck of his employer struck him while he was standing on a street to which he had gone during working hours for the purpose of moving his automobile for his own benefit, did not arise out of and in the course of his employment, or "while [he was] actually engaged . . . in the business affairs or undertakings of his employer," within § 26 of the act, and were not compensable under the act.

Evidence that, before an employee went out to the street from his place of work to move his automobile, he had been asked by his "boss" to move the automobile because it was in a place where it might be hit, warranted a finding that the "boss" was merely giving the employee friendly advice and not an order "on behalf of" the employer "to perform work" within § 26 of the workmen's compensation act.

The fellow servant rule was not a defence to an action by an employee against his employer for personal injuries sustained when the plaintiff, while on a street abutting his employer's premises during working hours but not acting within the scope of his employment, was struck by a motor truck of his employer operated by another employee.

TORT. Writ in the District Court of Peabody dated September 13, 1943.

Upon removal to the Superior Court, the action was tried before *Beaudreau, J.*

*S. Parsons,* for the defendant.

*A. R. Pitcoff,* for the plaintiff.

QUA, J. This is an action for personal injury. The plaintiff was employed by the defendant as a shipper in the defendant's tannery on Pierpont Street in Peabody. When he came to work at about 6:30 on the morning of January 19, 1943, he parked his automobile on the side of Pierpont Street opposite the tannery. "It was raining and freezing and the roads were glare ice and very slippery." He worked in the tannery until about 9:15, when, according to his testimony, having in mind that "conditions were bad" and desiring that his automobile be "off the street so it would not be hit," he came back to the street to move it, but before he had entered it he was struck by a truck belonging to the defendant, driven by an employee of the defendant in the course of his employment, and carrying a load to the defendant's plant.

The jury returned a verdict for the plaintiff, and after leave reserved the judge allowed it to stand. The question is whether there was evidence to warrant the verdict.

Bearing on negligence of the defendant's truck driver, there was evidence tending to show these facts: The plaintiff's automobile was parked on its right hand side of Pierpont Street with its rear end near the curb line of Fountain Street, an intersecting street, and facing toward Aborn Street. Pierpont Street from Aborn Street to Fountain Street ran down grade at the rate of about seven and one half per cent. The distance from Aborn Street to the rear of the plaintiff's automobile was about one hundred twenty-eight feet. Pierpont Street was from twenty-eight and one half to thirty-two and one half feet wide. There were snow banks and parked automobiles on each side, so that there was room for only one vehicle at a time to pass through. The truck came down the hill on Pierpont Street from Aborn Street. While the plaintiff was standing in Pierpont Street

by the left hand door of his automobile talking with the driver of a mail truck and asking him to move his truck so that the plaintiff could back into Fountain Street, he heard someone yell and, turning toward Aborn Street, saw the defendant's truck thirty to forty feet away going fifteen to twenty miles an hour. The truck skidded down Pierpont Street and struck the plaintiff. The truck driver testified in part that there was an inch and a half to two inches of ice on Aborn Street; that it was raining and very slippery; that he did not have chains on "because chains make it worse on ice"; that he saw the two men talking together in the street when he turned the corner at Aborn Street, where he had stopped and put his truck into low gear; that there was space enough to pass them, if the truck did not skid; that the truck started to skid when he was twenty to thirty feet from the corner, skidded ninety feet, and "did not get out of the skid until after the accident"; that he hit the plaintiff and the plaintiff's automobile and the mail truck; that he did not apply his brakes; that he never applied them on ice because it was better not to; and that he deliberately turned his wheel to his left (the side of the street on which the plaintiff's automobile was parked) because he wanted to turn in the direction of the skid. In answer to interrogatories the defendant stated that its driver first saw the plaintiff when he was forty feet away. Evidence favorable to the defendant need not be stated.

The defendant relies upon the familiar rule that skidding of itself is not evidence of negligence. *Williams* v. *Holbrook,* 216 Mass. 239. *Kelleher* v. *Newburyport,* 227 Mass. 462, 464. *Mazmanian* v. *Kuken,* 285 Mass. 516, 518. *Goyette* v. *Amor,* 294 Mass. 355. *Sherwood* v. *Radovsky,* 317 Mass. 307. But it is equally well settled that skidding may be caused or accompanied by negligence upon which liability may be predicated. *Loftus* v. *Pelletier,* 223 Mass. 63. *Lambert* v. *Eastern Massachusetts Street Railway,* 240 Mass. 495, 499. *Arnold* v. *Brereton,* 261 Mass. 238, 241–242. *Hiller* v. *Desautels,* 269 Mass. 437. *Hennessey* v. *Moynihan,* 272 Mass. 165. In the present case there was evidence that under especially slippery conditions, of which he was

well aware in advance, the defendant's driver, deciding to take the risk, turned from Aborn Street down grade through the narrow ice covered passage in Pierpont Street without chains, although he then saw the plaintiff and the mail truck driver standing talking in the street about one hundred twenty-eight feet away; and that after skidding ninety feet he struck the plaintiff at a speed of fifteen to twenty miles an hour. The jury were not obliged to accept the driver's judgment as to the value of chains in the conditions shown. Weight has been attached to the absence of chains in other cases. *Lonergan* v. *American Railway Express Co.* 250 Mass. 30, 35. *Goyette* v. *Amor*, 294 Mass. 355, 357. *Brown* v. *Daley*, 273 Mass. 432, 435. *Spain* v. *Oikemus*, 278 Mass. 544. *Herman* v. *Sladofsky*, 301 Mass. 534, 537. There was evidence that the driver violated G. L. (Ter. Ed.) c. 90, § 14, by not slowing down to a speed reasonable under the circumstances upon approaching a pedestrian who was upon the travelled part of the way. *Rosenblatt* v. *Percy*, 313 Mass. 757, 758–759. In our opinion there was evidence for the jury of negligence of the defendant's driver.

The evidence did not require a finding that the plaintiff was chargeable with contributory negligence. The plaintiff further testified that when he went out he looked both ways and saw no vehicle coming; that he "kept looking up the street until he got over to his" automobile; that his body was facing his automobile and he was "looking toward the rear" away from the direction from which the truck approached while he was talking with the mail man asking him to move the mail truck; and that when he heard the yell and first saw the defendant's truck he "tried to get out of the way by leaning up against the side of his car and making himself as small as possible." The defendant's driver testified that the two men had their backs to his truck until it was four feet from them, and that one of them jumped out of the way, but that the plaintiff "could not." The jury could find that the plaintiff was alert to his own safety but that the defendant's truck came around the corner at Aborn Street and started down Pierpont Street while the plaintiff's attention was temporarily diverted to

the mail truck and its driver. The plaintiff could rely to some extent upon the expectation that a person driving down Pierpont Street would exercise the care demanded by visible conditions. *Spain* v. *Oikemus*, 278 Mass. 544. *Legg* v. *Bloom*, 282 Mass. 303, 305. *Byrne* v. *Dunn*, 296 Mass. 184. *Campbell* v. *Cairns*, 302 Mass. 584, 586. *Nicholson* v. *Babb*, 304 Mass. 216, 218–219. *Sadak* v. *Tucker*, 310 Mass. 153, 157–158.

The defendant further asserts that it was insured under the workmen's compensation law, and that its employee, the plaintiff, who had given no notice that he claimed his rights of action at law, had waived those rights and so could not maintain this action. G. L. (Ter. Ed.) c. 152, § 24. The defendant, however, has not pleaded the compensation act as a defence. See *White* v. *E. T. Slattery Co.* 236 Mass. 28, 32. But passing this point, and assuming that the defendant was insured under the act, it is clear that the waiver by an employee of his common law rights by virtue of § 24 does not extend to his right to recover at common law for a noncompensable injury. His right to recover for such an injury is not affected by the compensation law. *Clark* v. *M. W. Leahy Co. Inc.* 300 Mass. 565, 569–570. The plaintiff's injury, sustained while he was attending to his own automobile for his own benefit on the street and off the premises of his employer, was not a compensable injury. His work for his employer did not require him to be in the street, and it does not appear that he used his automobile in his employer's business. His injury did not arise out of and in the course of his employment. § 26. *Bell's Case*, 238 Mass. 46. *Latter's Case*, 238 Mass. 326, 328. *Gardner's Case*, 247 Mass. 308, 310. *Chernick's Case*, 286 Mass. 168, 172. *Mannering's Case*, 290 Mass. 517, 519. See *White* v. *Checker Taxi Co.* 284 Mass. 73, 75. Compare *Milliman's Case*, 295 Mass. 451, 453; *Cahill's Case*, 295 Mass. 538.

The defendant is not helped by the provision of § 26 relating to street risks, since the plaintiff was not "actually engaged . . . in the business affairs or undertakings of his employer." Nor is the defendant helped by the further provision of that section that "any person who, while

engaged in the usual course of his . . . occupation, is ordered by . . . a person exercising superintendence on behalf of . . . [an] insured person, to perform work which is not in the usual course of such . . . occupation, and, while so performing such work, receives a personal injury, shall be conclusively presumed to be an employee." Without now undertaking a discussion of the scope of this provision, it is enough for the purposes of this case to say that although there was evidence that before the plaintiff went out to move his automobile his "boss" asked him to move it and put it in "the yard" because it was protruding over the crosswalk of Fountain Street and might be hit, the jury could well find that this was merely friendly advice and not an order given "on behalf of" the defendant "to perform work" in moving the plaintiff's own automobile to a place of safety.

The defendant finally contends that it is not liable because the plaintiff and the defendant's truck driver were fellow servants. But the fellow servant rule applies only where the servant was injured "while acting within the scope of his employment or in connection therewith" (Am. Law Inst. Restatement: Agency, § 474) and "does not extend to public ways necessarily used by the servant as an approach." Am. Law Inst. Restatement: Agency, § 486, comment e. *Gillshannon* v. *Stony Brook Railroad*, 10 Cush. 228, 231. *Dickinson* v. *West End Street Railway*, 177 Mass. 365. *Kilduff* v. *Boston Elevated Railway*, 195 Mass. 307. *O'Brien* v. *Boston & Albany Railroad*, 138 Mass. 387, 389. *Olsen* v. *Andrews*, 168 Mass. 261, 263–264. See *White* v. *Checker Taxi Co.* 284 Mass. 73.

*Exceptions overruled.*