ANNA J. McCOMB *vs.* NEW ENGLAND TRANSPORTATION COMPANY.

Norfolk. December 6, 1949. — January 10, 1950.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & COUNIHAN, JJ.

*Negligence*, Motor vehicle, Contributory, Use of way.

Evidence, at the trial of an action by a pedestrian against the proprietor of a motor bus, of the circumstances in which the plaintiff, after crossing a public way and while walking along a row of vehicles parked at the farther curb where snow, accumulated from a heavy storm, was being loaded for removal, was struck by the bus, which she had seen approaching her from the rear and which swerved or was turned toward her as it passed her, warranted a finding of negligence of the bus operator and did not require a ruling of contributory negligence on the part of the plaintiff.

TORT. Writ in the Superior Court dated May 24, 1946.
The action was tried before *Brogna, J.*

*E. J. Moore,* for the defendant.
*D. P. O'Leary,* for the plaintiffs.

COUNIHAN, J. This is an action of tort for negligence arising out of an accident which occurred on Washington Street, Norwood, on December 21, 1945, at about 3:30 P.M. There was a verdict for the plaintiff, and the action is here on the defendant's exceptions to the denial of its motion for a directed verdict and to the refusal of the judge to give the following requests for rulings of law: "4. The plaintiff was guilty of negligence contributing to her injury if she voluntarily incurred any risk which by the exercise of reasonable care she might have avoided. 5. If the plaintiff voluntarily placed herself in a position so near to the path of

vehicular traffic as to constitute a place of obvious potential danger to her safety, the risk of sustaining injury from a passing vehicle resulting by reason of this situation must fall upon herself."

The jury could have found on the evidence most favorable to the plaintiff that a day or two before the accident there had been a heavy snow storm; that at the time of the accident this snow was being removed by snow loaders and trucks, two of which were standing, one immediately behind the other, on the easterly side of Washington Street; that Washington Street, which is about ninety feet wide, is the principal business street in Norwood, heavily travelled, with two sets of car tracks in the center of the street, and at the time of the accident covered with snow and ice; that on a clear afternoon, the plaintiff, a pedestrian, was crossing Washington Street near Vernon Street from west to east; that when she got to the easterly side she came up to the parked snow trucks and was unable to reach the sidewalk; that when she was about opposite the door of the first truck she turned to her left and started to walk rapidly in a northerly direction to get in front of this truck so that she could turn and get onto the easterly sidewalk; that before she started to walk in a northerly direction, she looked down Washington Street in a southerly direction and saw a bus of the defendant approaching; that, as she was walking along, the bus overtook her and passed on her left within two to four feet of her; that the front part of the bus passed her when she had reached the front end of the parked truck; and that she went about fifteen feet beyond the truck and was about to turn to go on the sidewalk when the bus turned to its right or swerved, and struck her on her left shoulder and threw her to the ground.

The operator of the bus testified that he passed very close to the left side of the parked truck; that he did not see the plaintiff at any time; and that he first learned of the accident when he reached the bus terminal in Boston.

On this evidence the jury were warranted in finding that the operator was negligent in several respects: he did not

see the plaintiff who for some time was in front of his bus in plain view; he drove too close to the plaintiff as he passed her, so as to put her in a position of danger, particularly where there was snow and ice on the road; and he turned or swerved as he passed her, causing the body of the bus to strike her after the front part had passed her. The jury could have found that this negligence was causally related to the plaintiff's injuries. *Bryne* v. *Dunn*, 296 Mass. 184, 187. *Buckman* v. *McCarthy Freight System, Inc.* 320 Mass. 551, 553–554. *Reed* v. *Union Street Railway*, 320 Mass. 706, 709. *Phillips* v. *Larson*, 323 Mass. 87, 90. *Loffredo* v. *L. Nelson & Sons Transportation Co. ante*, 38, 39. Likewise it could not have been ruled that as a matter of law the plaintiff was guilty of contributory negligence. G. L. (Ter. Ed.) c. 231, § 85, as appearing in St. 1947, c. 386, § 1. The plaintiff was rightfully on that part of the highway used as well by vehicles, *Booth* v. *Meagher*, 224 Mass. 472, 473, *Emery* v. *Miller*, 231 Mass. 243, 245; and she had a right to rely to some extent upon the expectation that the defendant would not carelessly run her down. *Pease* v. *Lenssen*, 286 Mass. 207, 208.

There was no error in the refusal of the judge to give in exact terms the rulings of law requested by the defendant, if the subject matter thereof was adequately dealt with in his charge. *Barnes* v. *Berkshire Street Railway*, 281 Mass. 47, 50–51. *Squires* v. *Fraska*, 301 Mass. 474, 476. Without discussing in detail the charge of the judge relative to contributory negligence of the plaintiff, we believe that he sufficiently covered it.

*Exceptions overruled.*