**SIMMONS, to Use of SELECTED RISKS INDEMNITY CO. v. WARD.**

No. 1263.

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 6, 1952.

Decided Oct. 23, 1952.

gives acceptable forms of leases but provides that any other form conforming to the rules is sufficient.

Alton S. Bradford, Washington, D. C., for appellant.

Barrington D. Parker, Washington, D. C., with whom George A. Parker, Washington, D. C., was on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

Suit was brought against Claggett Ward for property damages and personal injuries caused when an automobile driven by him on Suitland Highway in an outlying section of Washington crossed over onto the wrong side of the highway and struck plaintiff's automobile. The defense was that because of snow and ice on the highway and without fault on defendant's part his automobile went into a skid and he was unable to control or stop it. The trial judge made a general finding for defendant, which plaintiff challenges on this appeal.

From the evidence, in which there was little conflict, the trial judge could have found the following facts: that the collision took place at 3 o'clock in the afternoon; that it had been raining and sleeting and then started snowing and began to freeze, and the highway was slippery; that defendant had been driving at 20 to 23 miles per hour and when he was at a point about 300 yards from the point of this incident his car "slipped" or skidded; that he then slowed down to between 10 and 15 miles per hour; that when he first saw plaintiff's car on the opposite side of the highway he was about 60 or 70 feet away and was not then skidding; that at that point the road went into somewhat of a curve and slightly up hill in the direction defendant was going; that he slowed down on the upgrade; that his car slid to the left and he applied his brakes gently and attempted to steer back to his right but the car continued in its leftward skid across the highway and struck plaintiff's car. Defendant testified that he had retreaded tires on his rear wheels. On cross-examination he was asked why he did not park his car after the first time it skidded and he said there was no place to park there and that several people had pulled to the side, "and the police asked them to pull on because it was dangerous."

A large part of appellant's argument is devoted to the proposition that defendant was liable because he violated a traffic regulation by driving on the wrong side of the road. But under the circumstances recited, we think liability does not automatically flow from that fact. It must first be determined how he got there.

We start out with the generally accepted rule that the mere fact that an automobile skids does not itself constitute negligence. Chase v. Tingdale Bros., Inc., 127 Minn. 401, 149 N.W. 654; Taylor v. Rierson, 210 N.C. 185, 185 S.E. 627; Levin v. Twin Tanners, Inc., 318 Mass. 13, 60 N.E. 2d 6; Atlantic Greyhound Corporation v. Franklin, 301 Ky. 867, 192 S.W.2d 753; Winfield v. Smith, 230 N.C. 392, 53 S.E.2d 251. See also Barret v. Caddo Transfer & Warehouse Co., 165 La. 1075, 116 So. 563, 58 A.L.R. 264; Megan v. Stevens, 8 Cir., 91 F.2d 419, 113 A.L.R. 1002; Berry on Automobiles, secs. 2.400 and 2.506 (7th ed. 1935). This is an entirely reasonable rule, for if an accident is attributable solely to the condition of a roadway no liability should result. It cannot be said as a matter of law that a motorist is negligent because he skids or slides on an icy street; further inquiry into the circumstances becomes necessary and proper. The circumstances leading up to the skidding,—such as speed, visibility, condition, grade and layout of the roadway, and the amount of traffic thereon, would have to be weighed and considered in order to determine whether the skidding was caused by want of care on the part of the driver or was one of the natural hazards of driving on a slippery highway. In other words, the test of proximate cause would have to be applied. That this is a question of fact has been held in many cases. We cite a few of the more recent ones. Channell v. Sampson, 1 Cir., 108 F.2d 315; Risen v. Consolidated Coach

Corporation, 274 Ky. 342, 118 S.W.2d 712; Standard Oil Co. of New York v. Flint, 108 Vt. 157, 183 A. 336; Sigmon v. Mundy, 125 W.Va. 591, 25 S.E.2d 636; Taylor v. Rierson, supra; Levin v. Twin Tanners, supra; Gould v. Gould, 110 Vt. 324, 6 A.2d 24; Wiggin v. Kingston, 91 N.H. 397, 20 A.2d 625; Burlingame Motors Corporation v. Thurber, 263 App.Div. 781, 31 N.Y.S.2d 223; Kaczmarek v. Murphy, 78 Ohio App. 449, 70 N.E.2d 784; McKeague v. Henry Jenkins Transp. Co., Inc., 323 Mass. 404, 82 N.E.2d 8; Neely v. Freeze, 240 Mo. App. 1001, 225 S.W.2d 144; Choate v. Robertson, 31 Wash.2d 118, 195 P.2d 630.

We do not say that the fact that a highway was slippery or that a motorist has skidded would, without more, avail him as an automatic legal excuse for any damage which resulted. We say only that in most cases decision as to the facts surrounding the skidding and any resulting impacts, as well as the inferences to be drawn from such facts, would be for the trier of the facts.

Defendant in this case admittedly left his own side of the highway and then (as plaintiff himself described it) "slid over into my side of the highway." We think the evidence presented a fact question as to whether defendant's car was propelled onto the wrong side of the highway by defendant's negligence or got there because of the slippery condition of the road, and without fault on his part. Obviously the trial judge found that defendant was free of negligence and we find nothing in the record from which we could say that such finding was "plainly wrong or without evidence to support it." Code 1951, § 11-772. In the final analysis it seems to us that we could only order a reversal if we could say as a matter of law that defendant was required to slow down more than he did, or sooner than he did, or that he was required to pull off the highway and stop altogether. The evidence was not so compelling as to justify such a ruling by us.

We are not unsympathetic to the plight of the plaintiff who was clearly free of all fault. And while we might have reached a conclusion different from that arrived at by the trial court, our function is strictly an appellate one, and does not include the right to reverse on the facts above stated.

Affirmed.