Rescripts.

· JAMES H. KELLY *vs.* BERTRAM W. MAHONEY. October 29, 1952. Defendant's exceptions overruled. The plaintiff had a verdict in this action of tort for alleged negligence resulting in personal injury to the plaintiff. The defendant excepted to the denial of his motion for a directed verdict in his favor. The defendant on July 20, 1949, a clear day, in the late morning, was operating an automobile southerly on North Street in Pittsfield, which was seventy-seven feet wide, exclusive of sidewalks. The plaintiff, a pedestrian, was crossing North Street from west to east, and had nearly reached the center of the street when the defendant hit him. There was evidence that just before the accident the defendant was looking to the east, and that there was no traffic in the street. The plaintiff testified that before crossing he looked to the north. There was evidence that the defendant did not see the plaintiff until an instant before the accident. The defendant does not contend that there was no evidence of his negligence, but contends that the plaintiff was guilty of contributory negligence. The burden of proving contributory negligence was on the defendant. G. L. (Ter. Ed.) c. 231, § 85, as appearing in St. 1947, c. 386, § 1. The plaintiff could rely to some extent upon careful conduct by the defendant. *Hennessey* v. *Taylor*, 189 Mass. 583. *Emery* v. *Miller*, 231 Mass. 243. *Sooserian* v. *Clark*, 287 Mass. 65. *Clouatre* v. *Lees*, 321 Mass. 679, 681. *McComb* v. *New England Transportation Co.* 325 Mass. 221, 223. *Ferguson* v. *Worth*, 326 Mass. 336, 339. In our opinion the case was properly submitted to the jury.

*Lincoln S. Cain*, for the defendant.
*Frederick M. Myers*, (*Frederick M. Myers, Jr.*, with him,) for the plaintiff.


JOHN A. NELON *vs.* VERONICA O'CONNOR NELON (and a companion case). November 3, 1952. Decree affirmed in each case. These were cross libels for divorce. After a hearing the judge entered a decree dismissing the libel of the husband and a decree nisi of divorce to the wife for the cause of cruel and abusive treatment on the part of the husband. In the decree nisi he awarded custody of the minor child to the wife and ordered payments by the husband for support of said child. The husband appeals from both decrees. The evidence is fully reported without any findings by the judge. It has been repeatedly said that the entry of a decree imported the finding of every fact necessary to support it. We need not recite the evidence which was conflicting. The decrees rested largely upon the testimony of the witnesses, including both parties, whom the judge saw and heard. We cannot say that the judge was plainly wrong. The record discloses no error of law or fact. *Levanosky* v. *Levanosky*, 311 Mass. 638, 639.

*John F. Lombard*, for John A. Nelon.
*Frank Glazer*, for Veronica O'Connor Nelon.