■ HELEN R. SCHMALZ, Respondent-Appellant, v. JULIA ABARNO, Appellant-Respondent, and ROBERT C. KULLICK, Respondent.— In an action to recover damages for personal injuries sustained by plaintiff, a passenger in an automobile owned and operated by defendant Abarno, when it skidded in turning a corner and came into contact with an automobile owned and operated by defendant Kullick, defendant Abarno appeals from so much of an order of the Supreme Court, Queens County, entered April 7, 1959, as: (1) granted plaintiff's motion to set aside on the ground of inadequacy the verdict in her favor against said defendant, in the sum of $2,400; and (2) denied said defendant's motions to dismiss the complaint. Plaintiff also appeals from so much of the same order as denied her motion to set aside the jury's verdict in favor of defendant Kullick. Order insofar as appealed from affirmed, with costs to

plaintiff payable by defendant Abarno, and with costs to defendant Kullick payable by plaintiff. The jury could properly find that defendant Abarno was proceeding on a wet and slippery road and that she made a turn to change the course of the car at such speed and in such a manner as to constitute negligence under the road conditions then prevailing. (Cf. *Counter* v. *New York Tel. Co.,* 259 N. Y. 554; *Di Salvo* v. *City of New York,* 254 App. Div. 886; *Hawley* v. *Corroon,* 261 App. Div. 904, affd. 286 N. Y. 581; *Burlingame Motors Corp.* v. *Thurber,* 263 App. Div. 781, motion for leave to appeal denied 287 N. Y. 851.) We are of the opinion that the verdict was inadequate for plaintiff's conceded injuries. Such injuries included: (1) a fracture of the right clavicle, which required her to wear a cast from the fingers to the waist for approximately seven weeks and which resulted in a 25% permanent loss of use of the shoulder; (2) the fracture of several ribs; and (3) a laceration of the scalp which required suturing and which left a permanent scar. We are also of the opinion that the verdict in favor of defendant Kullick, who was confronted with the situation created by Abarno's skid, was amply supported by the proof (cf. *Meyer* v. *Whisnant,* 307 N. Y. 369; *Kutlina* v. *Yiengst,* 1 N Y 2d 770; *Rowlands* v. *Parks,* 2 N Y 2d 64). Plaintiff did not except to the charge or to the granting of defendants' requests to charge and, consequently, is in no position to urge that the verdict in defendant Kullick's favor was the result of confusion engendered by those requests (cf. *Brown* v. *Du Frey,* 1 N Y 2d 190, 195). In any event, we find no prejudicial error in the charge. Nolan, P. J., Beldock, Ughetta, Pette and Brennan, JJ., concur.