Betty Marie STAUFFER, Appellant,

v.

Lawrence VOITK, Edith Voitk and Allied
American Mutual Fire Insurance
Co., Appellees.

No. 3575.

District of Columbia Court of Appeals.

Argued Nov. 23, 1964.

Decided Dec. 22, 1964.

Betty Marie Stauffer, pro se.

Darryl L. Wyland, Washington, D. C.,
for appellees.

Before HOOD, Chief Judge, and
QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

Appellant, Betty Marie Stauffer, seeks a review of a judgment against her awarding damages to appellees Lawrence and Edith Voitk and their corporate insurance carrier arising out of an automobile accident in Maryland. Although the errors charged by appellant [1] are without merit, we must reverse the judgment as a matter of law for failure of appellees, plaintiffs below, to sustain the burden of establishing by a preponderance of competent evidence that appellant's automobile at the time of the collision was operated by its driver, Jacob Cohen, "in a careless and negligent manner and in violation of the Motor Vehicle Regulations in force in [Silver Spring]."

The case is presented for review on Agreed Statements of Proceedings and Evidence. It appears therefrom that the testimony given by Lawrence Voitk and his brother, Joseph Voitk, and by the driver of appellant's car, Jacob Cohen, was in agreement that the driving conditions were hazardous due to snow and poor visibility, that the road was under construction, and that both vehicles skidded prior to impact. The record discloses no other testimony as to the manner in which the accident

[1.] Basically, appellant charges that the court committed prejudicial error in hearing the case on an amended complaint showing the accident as occurring in Maryland rather than in the District of Columbia as originally mistakenly alleged and in causing the trial to occur in a jurisdiction different from where the incident occurred.

occurred. In his comments from the bench to explain his reasons leading to the finding for appellees, the trial judge stated:

" * * * Cohen had testified that as he proceeded in the opposite direction from the individual plaintiff [Lawrence Voitk] he was confronted by a barricade which partially obstructed the right side of the highway for a considerable distance due to the fact that sewer or other utility installations were being laid in a trench in or immediately adjacent to the right edge of the road * * * that he drove the Stauffer vehicle across the center of the roadway, travelled down its left side a distance and ultimately collided head on with the Voitk vehicle. * * "

The trial judge commented that no Maryland traffic regulations had been proved but that he "had actual knowledge and judicial notice that the traffic laws of Maryland required all drivers, where practical and feasible to operate on the right hand side of the road, just as does the law of the District of Columbia." He concluded, however, that the act of operation by Cohen on the left side of the road was not the act of negligence proximately causing the accident.

 On such a meager and incomplete record, we are at a loss to comprehend the basis for the judgment against appellant. The record reveals no evidence of improper speed, careless control, or any negligent act by the driver of the Stauffer car. That the cars skidded prior to impact, without proof of some careless act, does not alone constitute negligence. Simmons, to Use of Selected Risks Indem. Co. v. Ward, D.C.Mun.App., 91 A.2d 566, 567 (1952). In Maryland the doctrine of *res ipsa loquitur* is inapplicable from the mere happening of a motor vehicle collision because it cannot be inferred in the absence of negligence that one party rather than the other was at fault. Brehm v. Lorenz, 206 Md. 500, 504, 112 A.2d 475, 479 (1955).

With the trial court concluding that the operation by Cohen of his vehicle on the left side of the road was under the circumstances not a proximate cause of the collision and there being no other evidence in the record showing any omission of care or act of negligence by him which was the sole cause of the accident, we rule that appellees failed to establish liability on the part of appellant.

Reversed with directions to enter judgment for appellant.