FRANK FRIEND *vs.* C. J. PETTINGILL & another.

Plymouth. Oct. 20, 1874. — Jan. 30, 1875. AMES & MORTON, JJ., absent.

By a verbal agreement between A. and B., A. was to work for B. in the manufacture of bricks, and to have in consideration therefor one third of the profits of such manufacture, and the option of taking a conveyance of one third of B.'s farm, on which the brick-works stood, in case A.'s share of the profits amounted to one third the first cost of the farm. A. worked as agreed, and there were no profits. *Held*, in an action by A. to recover for his services, that the agreement to receive a share of the profits was a defence to the action, although the agreement in connection therewith as to the conveyance was invalid under the statute of frauds.

Where the answer to an action upon an account annexed alleges that all the charges were furnished under a special contract, and the plaintiff files a replication alleging that such contract, if made, is invalid under the statute of frauds, the only issue is as to the existence and validity of the contract, and the plaintiff cannot prove that the account annexed was also for other items outside the contract.

CONTRACT upon an account annexed for labor performed, services rendered and a horse and tools used by the plaintiff in the service of the defendants. The answer alleged that the labor and services were performed and rendered and the horse and tools used under a special agreement between the plaintiff and the defendants, and that under such agreement nothing was due the plaintiff therefor. The plaintiff filed a replication alleging that

such contract, if made, was a part of an agreement with reference to the sale and conveyance of certain real estate to the plaintiff by the defendants, and that such agreement, not being in writing, was invalid under the statute of frauds.

At the trial in the Superior Court, before *Brigham*, C. J., the jury found for the defendants, and the plaintiff alleged exceptions. The facts appear in the opinion.

*H. Kingman*, for the plaintiff.

*J. White*, for the defendants.

ENDICOTT, J.   This action is brought to recover the value of labor performed and services rendered to the defendants in the manufacture of bricks.   The defence is that the services were rendered under a special contract, whereby the plaintiff was a partner with the defendants in the business, and was to receive a share of the profits.   The replication, after denying that the plaintiff made such a contract, alleges that such contract, if made, was coupled with and part of an agreement for the conveyance of land, which agreement was not in writing, and constituted no defence to the action.

There was evidence at the trial, tending to show that in May, 1873, an oral contract was made by these parties that the plaintiff should work for the defendants and devote his whole time, labor and skill to the manufacture of bricks upon the defendants' farm, and receive as compensation for his services one third of the net profits of the manufacture.   It was also agreed that the defendants should convey to him one third part of the farm and the brick-works, whenever the plaintiff would pay them one third the cost thereof; provided, that the plaintiff's profits of the manufacture for the season amounted to one third of the first cost of the farm, and provided, also, that such payment should be made on or before April 1, 1874.   The plaintiff worked on the farm, and was engaged in the manufacture of bricks during the season from May 1 to October 27, 1873.   In reply to specific questions propounded to the jury, they found that the defendants did contract to convey to the plaintiff one third of the farm, provided the profits to the plaintiff in one season amounted to one third of the first cost of the farm; and that this was not an independent contract, but a part of the contract in relation to brick-making, made at the same time, and founded on that as a consideration.

No question is made by the plaintiff that the agreement to receive a share of the net profits would in itself be a good defence to this action; but he contends that it was part of the agreement to convey the land, could not be separated from it, and that the whole was one contract within the statute of frauds.

The only question therefore is, whether, as matter of law, that part of the agreement relating to the manufacture of bricks and the compensation therefor, which could be enforced if it stood alone, may be or is so separate and distinct from that portion which cannot be enforced relating to the conveyance, that it is a defence to this action. We are of opinion that it is. The agreement to convey is dependent upon the execution of the agreement to labor; but the agreement to labor is in no wise dependent upon the agreement to convey. The agreement to labor must be executed, as it was in this case, and completed as a distinct and separate portion of the whole contract and its results ascertained, before any question can arise as to the execution of the agreement to convey. Indeed the question may never arise. Its execution is optional with the plaintiff, and that only in the event that his share of the profits amounts to one third the cost of the farm. If there are no profits, or an insufficient amount, the plaintiff would have no right to demand a conveyance, and in no event could he be compelled to take one. Whether therefore the agreement to convey would ever become an operative portion of the contract, depended upon the results of the season's labor, and the option of the plaintiff.

It was not therefore an entire agreement, incapable of division. It comes within that class of cases, where the contract contains several stipulations, having reference to distinct objects, and imposing distinct duties, some of which can and some cannot be enforced. *Pierce* v. *Woodward*, 6 Pick. 206. *Brackett* v. *Evans*, 1 Cush. 79. *Preble* v. *Baldwin*, 6 Cush. 549. *Rand* v. *Mather*, 11 Cush. 1. *Page* v. *Monks*, 5 Gray, 492. *Trowbridge* v. *Wetherbee*, 11 Allen, 361. *Wetherbee* v. *Potter*, 99 Mass. 354.

The plaintiff, having executed this portion of his contract, with no profit as the result of his season's work, cannot be relieved from the obligations thereby imposed, because another subsequent and separate stipulation may become invalid, by the refusal of the defendant to perform it, if the occasion for its execution should

ever arise. The rulings requested by the plaintiff on this part of the case were properly refused.

The answer alleges that all the labor, performed or furnished by the plaintiff and charged in the several items of his account annexed, was performed and furnished under the express agreement which is set forth in detail. The replication voluntarily filed by the plaintiff denies the contract, but alleges that if made, it was invalid by reason of the agreement to convey not being in writing ; but does not deny the allegation of the answer that all the charges in the account annexed were furnished under the contract. The only issue then presented by the pleadings was whether there was such a contract, and if so, was it valid ? The question was not raised by the pleadings, or open to the plaintiff, whether any portion of the items charged in his account annexed were for other services than those rendered under the contract. The prayers for instructions on this point were properly refused. Gen. Sts. *c.* 129, §§ 23, 27. *Murphy* v. *People's Equitable Ins. Co.* 7 Allen, 239. *Stevens* v. *Parker*, Ib. 361.

*Exceptions overruled.*