FELIX ALBERT *vs.* NARCISSE CLAIRMONT.

Middlesex.   November 17, 1920. — January 7, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Frauds, Statute of.   Contract,* Construction, Performance and breach.

An oral agreement between two lumbermen, whereby one was to purchase and take title to certain woodland and to advance the money necessary therefor and the other was to clear a portion of the land, build a camp in co-operation with his associate, cut the wood, not exceeding a certain amount per month, and pay to his associate a certain amount of the purchase price of the land in two months and the balance in four months, and that "they would divide the profits equally between them," is divisible; and if, after the first lumberman had purchased the land and the second had done some clearing and planting and the two together had built the camp and had cut about four hundred cords of wood, and the second also had removed about eight cords of wood, the first lumberman refused to permit the second to remove any more of the wood because he had sold the lot, the second lumberman is not barred by the statute of frauds from maintaining against the first an action of contract for damages resulting from a breach of that part of the contract which related solely to the joint enterprise of the cutting and marketing of the wood and the dividing of the profits.

CONTRACT with a declaration in two counts. The allegations of the first count were in substance that about June 24, 1918, the plaintiff entered into a contract with the defendant, by which the defendant agreed to purchase a certain tract of woodland located in Pelham in the State of New Hampshire, that thereafter the defendant and the plaintiff would jointly cut and sell the wood on the land for the common benefit of both parties, that the defendant

would pay the original purchase price of the land, $450, and that the plaintiff would repay to him one half thereof out of his half of the proceeds of the sale of the wood; that the defendant did purchase and pay for the land; that thereafter the plaintiff began cutting the wood in accordance with the agreement, and performed labor thereon and incurred expense in cutting wood and in erecting a temporary camp on the land, but that the defendant, in violation of his agreement, thereafter prevented the plaintiff from coming upon the land and from cutting any more wood thereon and excluded the plaintiff therefrom, so that the plaintiff lost his time and labor and the expense incurred by him and was prevented from selling the wood and was deprived of the profits which he was entitled to receive under the contract. The second count, which was added by amendment, was upon an account annexed for $38.50, for "labor at camp," cutting wood and use of horse between June 24 and July 13. Writ dated September 24, 1918.

The answer contained, besides a general denial and an allegation of payment, an allegation that the action was barred by the statute of frauds, R. L. c. 74, § 1.

The action was tried before *Fosdick,* J. Material evidence is described in the opinion. At the close of the evidence, the defendant asked for the following rulings:

"1. Upon all the evidence the plaintiff cannot recover on the first count in his declaration."

"3. If there were an agreement between the plaintiff and the defendant as alleged in the plaintiff's declaration it was a whole indivisible agreement for an entire sum.

"4. Where there is an agreement to which the statute of frauds applies and the plaintiff claims that said agreement can be separated and part of the agreement is not covered by the statute, the plaintiff must show that an 'aliquot part' of the consideration was designated in the agreement as applicable to that part of the agreement which he claims is not covered by the statute.

"5. If there were an agreement between the parties as contended by the plaintiff said agreement was not in writing and no action can be maintained thereon because of the statute of frauds."

The rulings were refused. At the close of the charge the defendant saved an exception "to that part of the charge which in substance says that 'Albert can recover if the defendant could have

performed every part of his contract except the deeding a half interest and still have been no worse off if he had performed it.'" The jury found for the defendant upon the second count and for the plaintiff upon the first count in the sum of $460; and the defendant alleged exceptions.

*H. V. Charbonneau*, for the defendant.

*S. E. Qua*, for the plaintiff.

Braley, J.  The jury having found for the defendant on the second count of the declaration, the question for decision is whether the verdict for the plaintiff on the first count can be sustained under the defence of the statute of frauds duly pleaded in the answer.  The jury would have been warranted in finding that the plaintiff, who often had bought wood lots and cut and sold wood, became interested in a tract of woodland containing about ten acres situate in Pelham, New Hampshire, which was in the market for sale.  But, being unable to pay the price, he entered into negotiations with the defendant which resulted in a mutual understanding and agreement that the defendant would advance the money, buy the lot, and the plaintiff should clear a portion, build a camp in co-operation with him, and cut the wood not exceeding a certain number of cords each month, and pay to the defendant a certain amount of the purchase price in two months, and the balance in four months, and that "they would divide the profits equally between them."  The defendant paid for and took title to the lot, and, shortly after, the plaintiff cleared a small part, did some planting, and with the defendant's assistance built the camp for the use of the choppers.  The parties each hired choppers and began to cut the wood, estimated at "four hundred cords;" but, after the plaintiff had cut and removed eight cords, the defendant "told him to keep off the land because he, the defendant, had sold it to some one else."  And, from the deed introduced in evidence, it appeared and the jury could find on the plaintiff's testimony, that the defendant about a month after his agreement and before the plaintiff began to cut, had conveyed the title, and that the grantees thereafter cut and sold the wood.

It is settled that, if the defendant at the time it was mutually agreed to share the profits of the enterprise had owned the lot, the contract would not be within the statute of frauds. *Claflin* v. *Carpenter*, 4 Met. 580.  The defendant however had acquired

title when the parties entered upon the lot, and the independent stipulation that, if the wood was cut off, they were to divide the profits equally, can be enforced. *Friend* v. *Pettingill*, 116 Mass. 515, 517. *Hurley* v. *Donovan*, 182 Mass. 64, 65, 69. The contract being divisible, the requests were denied rightly, and the instructions to which the defendant excepted in terms of an attempted generalization, when read connectedly, accurately stated the law. *Rand* v. *Mather*, 11 Cush. 1, 7. *Chace* v. *Gardner*, 228 Mass. 533, 536.

*Exceptions overruled.*