OLGA ADILETTO *vs.* BROCKTON CUT SOLE CORPORATION.

Plymouth. November 5, 1947. — December 3, 1947.

Present: QUA, C.J., DOLAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Workmen's Compensation Act*, Injuries to which act applies. *Agency*, Scope of authority or employment. *Practice, Civil*, Judgment on the pleadings. *Pleading, Civil*, Admissions in pleadings. *Evidence*, Admissions and confessions.

Facts, alleged in the declaration in an action of tort and admitted in a replication filed by the plaintiff by order of court following the filing of the answer, bound the plaintiff, and, it appearing that the plaintiff could not prevail upon such facts, judgment properly was ordered for the defendant.

The plaintiff's remedy was under the workmen's compensation act and judgment properly was ordered for the defendant in an action of tort by an employee against her employer where the plaintiff admitted in the pleadings that the defendant was insured under that act, that she had not reserved her rights at common law, and that her injuries were sustained as she was leaving the employer's premises after finishing her day's work and was, with other employees and under advice of the employer, using a freight elevator instead of a stairway which had been removed.

TORT. Writ in the District Court of Brockton dated March 12, 1946.

On removal to the Superior Court, the case was heard by *Hurley*, J.

In this court the case was submitted on briefs.

*H. F. Blunt*, for the plaintiff.

*M. J. Aldrich*, for the defendant.

WILKINS, J. The declaration in this action of tort alleged that the defendant is the owner of a building in which it conducts a cut sole business; that on November 5, 1945, the plaintiff, who was employed in that building by the defendant, had concluded her duties and was about to leave the premises; that the stairway to the street had been removed; that she was advised by the employer to use the freight elevator, which she entered, followed by a number of employees, who overcrowded it; that the defendant did not supervise the operation of the elevator and provided no attendant to operate it; that, owing to the overcrowding and the negligence of the defendant in failing to maintain proper supervision, the elevator was caused to fall; and that in consequence the plaintiff was injured.

The defendant's amended answer contained allegations that the defendant was insured under the workmen's compensation law; that the plaintiff was an employee of the defendant at the time of her injuries, which arose out of and in the course of her employment by the defendant; that the injuries occurred on premises owned and controlled by the defendant while the plaintiff was leaving the premises after finishing her day's work for the defendant; and that the plaintiff had given no notice in writing to the defendant that she reserved her right of action at common law against the defendant in accordance with G. L. (Ter. Ed.) c. 152, § 24, as amended by St. 1943, c. 529, § 6.

The defendant filed a motion, which was allowed, that the plaintiff be ordered to file a replication stating what part, if any, of the answer she admitted or denied. G. L. (Ter. Ed.) c. 231, § 34. The plaintiff filed a replication, in which she denied that she was an employee of the defendant at the time of the accident, and alleged that for that reason

she was not required to give notice in writing to the defendant that she reserved her right of action at common law; and in which she admitted that she gave no such notice, and that her injury occurred on premises owned and controlled by the defendant while she was leaving the premises after finishing her day's work for the defendant.

The defendant filed a motion that judgment be entered for the defendant on the pleadings. The following indorsement was made on the motion by order of the judge: "The plaintiff admitting that the defendant was insured for workmen's compensation in accordance with G. L. c. 152, the within motion is allowed and it is ordered that judgment for the defendant be entered." The plaintiff appealed.

The allegations in pleadings "shall bind the party making them." G. L. (Ter. Ed.) c. 231, § 87. That means that they are conclusive upon him. *Snowling* v. *Plummer Granite Co.* 108 Mass. 100, 101. *Meunier's Case*, 319 Mass. 421, 424. Findings contrary to facts admitted in pleadings cannot be made. *Bancroft* v. *Cook*, 264 Mass. 343, 348. *Markus* v. *Boston Edison Co.* 317 Mass. 1, 7. If upon the facts thus admitted a party cannot prevail, it is an appropriate case for an order for judgment against him on the pleadings. See G. L. (Ter. Ed.) c. 235, § 1.

In the case at bar the facts alleged in the declaration and admitted by the replication required a ruling that the injury to the plaintiff arose out of and in the course of her employment by the defendant. See *Rogers's Case*, 318 Mass. 308, 309. The plaintiff was on her employer's premises, which she was in the act of leaving at the close of work, and was using, at the employer's suggestion, a freight elevator in common with other employees. *Sundine's Case*, 218 Mass. 1. *O'Brien's Case*, 228 Mass. 380. *Hallett's Case*, 230 Mass. 326, S. C. 232 Mass. 49. *White* v. *E. T. Slattery Co.* 236 Mass. 28, 33–34. *Latter's Case*, 238 Mass. 326. *Nagle's Case*, 310 Mass. 193. See *Watkins* v. *New York, New Haven & Hartford Railroad*, 290 Mass. 448, 450; *Mannering's Case*, 290 Mass. 517, 519; *Milliman's Case*, 295 Mass. 451, 453; *Bradford's Case*, 319 Mass. 621; *Chapman's Case*, 321 Mass. 705, 710–711. In *White* v. *Checker Taxi Co.* 284 Mass.

73, there was an issue of fact as to where the injury was sustained. The plaintiff relies upon *Bell's Case,* 238 Mass. 46, and *Babineau's Case,* 254 Mass. 214, which are plainly distinguishable from the case at bar. That the stairway to the street had been removed and that it was a freight elevator, not regularly used by the employees, rather than a passenger elevator, seems to us to be of no significance whatsoever, particularly in view of the advice of the employer to use this means of departure.

That the employer was a subscriber under the workmen's compensation act was admitted by the failure of the replication to deny this allegation of the answer. *Murphy* v. *People's Equitable Mutual Fire Ins. Co.* 7 Allen, 239, 240–241. *Friend* v. *Pettingill,* 116 Mass. 515, 518. That the plaintiff had given no notice of reservation of her right of action at common law was expressly admitted by the replication. It follows that the plaintiff cannot maintain this action and must rely upon her remedies under the workmen's compensation act. *Murphy* v. *Miettinen,* 317 Mass. 633, 635, and cases cited.

*Order for judgment affirmed.*