HANNAH PELL *vs.* NEW BEDFORD GAS & EDISON LIGHT CO.

Bristol.    October 28, 1949. — February 2, 1950.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Workmen's Compensation Act,* Injuries to which act applies.    *Words,* "Injury."

Injury to the eyes of an employee due to improper and inadequate lighting in her place of work and arising out of and in the course of her employment by one insured under the workmen's compensation act was a compensable injury.

TORT. Writ in the Superior Court dated March 23, 1948.

A motion by the plaintiff to amend the declaration was denied, and a motion by the defendant for judgment on the pleadings was allowed, by *Smith,* J.

In this court the case was submitted on briefs.

*H. A. Lider,* for the plaintiff.

*M. J. Aldrich,* for the defendant.

WILKINS, J. In this action of tort, each of the three counts of the declaration alleges that the plaintiff was employed for many years by the defendant as an office and stock record clerk; that due to the negligence of the de-

fendant the "lighting conditions" at her place of employ-
ment were insufficient or inadequate, resulting in injury to
her eyes; and that this "rose out of and in the course of"
her employment, but is not a compensable injury under G. L.
(Ter. Ed.) c. 152. The first count further alleges that she
worked "under insufficient and antiquated lighting system"
and "poor lighting conditions"; the second that there was
a failure "to provide a proper and safe place of employ-
ment" and "to correct the improper and inadequate lighting
conditions"; and the third that "the lighting conditions
in the office . . . deteriorated and became inadequate."

The defendant's answer alleges, in part, that the defend-
ant was an insured person under the workmen's compensa-
tion act, G. L. (Ter. Ed.) c. 152.

Upon motion of the defendant the plaintiff was ordered
to file a replication. G. L. (Ter. Ed.) c. 231, § 34. The
replication denies all the allegations in the defendant's
answer, and sets up that the injury is "in the nature of an
occupational disease which is not a compensable disease
recoverable [*sic*] under the terms of the workmen's com-
pensation act."

The judge allowed the defendant's motion for judgment
on the pleadings. G. L. (Ter. Ed.) c. 235, § 1. The plain-
tiff appealed. G. L. (Ter. Ed.) c. 231, § 96.

As the declaration alleges that the injury arose out of and
in the course of the employment, the underlying question
is whether the pleadings also disclose that the plaintiff's
cause of action is barred under the workmen's compensation
act. See *Adiletto* v. *Brockton Cut Sole Corp.* 322 Mass.
110. The defendant had the duty to plead that it was an
insured person under the act. *White* v. *E. T. Slattery Co.*
236 Mass. 28, 32. *Levin* v. *Twin Tanners, Inc.* 318 Mass.
13, 17. At the hearing on the motion the parties in sub-
stance stipulated that the replication, notwithstanding its
literal denial of all the allegations of the answer, should be
treated by reason of its other allegations as admitting the
truth of the averment that the defendant was such an
insured person. It then, if material, devolved upon the

plaintiff to negative waiver on her part due to any failure to give notice in writing to the defendant that she reserved her right of action at common law in accordance with G. L. (Ter. Ed.) c. 152, § 24, as amended by St. 1943, c. 529, § 6. This the plaintiff does not do in her replication, which alleges rather that her injuries were not compensable under the act.

The question thus narrows to a determination whether it could be ruled on the pleadings that the injury was of a compensable class. If it could not be so ruled, the employee, notwithstanding her omission to reserve her common law rights, may recover from her employer at common law provided she can show a breach of duty. *Clark* v. *M. W. Leahy Co. Inc.* 300 Mass. 565, 569. *Levin* v. *Twin Tanners, Inc.* 318 Mass. 13, 17. "At common law the incurring of a disease or harm to health is such a personal wrong as to warrant a recovery if the other elements of liability for tort are present." *Hurle's Case,* 217 Mass. 223, 224, and cases cited. *Reidy* v. *Crompton & Knowles Loom Works,* 318 Mass. 135, 139. On the other hand, if the injury could be ruled to be of a compensable class, recovery is barred.

The allegation of the replication, that the injury is "in the nature of an occupational disease," the plaintiff now asserts in her brief to be an inaccuracy. However that may be, it seems clear that the declaration alleges an injury which was due to her employment, and that that injury was of a compensable class in the light of our decisions, which have given a broad construction to the word "injury." "Our act requires only a personal injury, not personal injury by accident." *Smith's Case,* 307 Mass. 516, 517. "It awards compensation for disease when it rightly may be described as a personal injury. A disease . . . must come from or be an injury, although that injury need not be a single definite act but may extend over a continuous period of time. Poisoning, blindness, pneumonia, or the giving way of heart muscle, all induced by the necessary exposure or exertion of the employment, fall within well

recognized classes of personal injuries. . . . The disease must be, or be traceable directly to, a personal injury peculiar to the employment." *Maggelet's Case,* 228 Mass. 57, 61. In addition to the cases cited in *Smith's Case,* 307 Mass. 516, 517–518, see *Hunnewell's Case,* 220 Mass. 351, 355; *O'Donnell's Case,* 237 Mass. 164; *DeFilippo's Case,* 284 Mass. 531; *Gustafson's Case,* 303 Mass. 397; *DeStefano* v. *Alpha Lunch Co. of Boston,* 308 Mass. 38; *Mercier's Case,* 315 Mass. 238, 243.

The allegations of the declaration do not make out a case of bodily wear and tear. Compare *Spalla's Case,* 320 Mass. 416, 418.

The plaintiff's motion to amend her declaration by adding a fourth count based upon G. L. (Ter. Ed.) c. 152, § 66, as appearing in St. 1943, c. 529, § 9A, was denied. She renews the motion here. G. L. (Ter. Ed.) c. 231, § 125. The motion is nugatory, and should not be allowed. Section 66, as amended, does not apply to actions for personal injuries received by employees of an insured person or of a self insurer. G. L. (Ter. Ed.) c. 152, § 67, as appearing in St. 1943, c. 529, § 10. See *Zarba* v. *Lane,* 322 Mass. 132, 134.

*Order for judgment affirmed.*