Rescripts.

# RESCRIPTS WITHOUT OPINIONS.

Pursuant to the requirements of G. L. (Ter. Ed.) c. 211, § 9, the Reporter publishes the following:

HAZEL F. WILTON *vs.* JOHN B. WILTON (and a companion case). October 31, 1951. Decree affirmed. A wife appeals from adverse decrees of the Probate Court upon two petitions, one by her for separate support, alleging that she is living apart from her husband for justifiable cause and specifying cruel and abusive treatment; the other by the husband alleging that she has deserted him and that he is living apart from her for justifiable cause. G. L. (Ter. Ed.) c. 209, § 32. No helpful contribution to our jurisprudence would come from a recital of the material facts found by the judge. We need only state that such facts did not compel ultimate findings in favor of the wife in the two cases.

F. M. Myers, (F. M. Meyers, Jr., with him,) for Hazel Faith Wilton.
R. T. Capeless, for John B. Wilton.

GEORGE STAMO *vs.* PHILIP WIENER. October 31, 1951. Exceptions overruled. This is an action at law to recover for injuries sustained by the plaintiff while being driven home from his place of employment by the defendant, his employer. The transportation was one of the terms of his employment. The defendant was insured under the workmen's compensation act (G. L. [Ter. Ed.] c. 152), and the plaintiff did not reserve under § 24, as amended, of the act any rights at common law. Caira v. Caira, 296 Mass. 448, 449. DeStefano v. Alpha Lunch Co. of Boston, 308 Mass. 38, 40. Murphy v. Miettinen, 317 Mass. 633. Adiletto v. Brockton Cut Sole Corp. 322 Mass. 110, 113. Pell v. New Bedford Gas & Edison Light Co. 325 Mass. 239, 241.

F. D. Casey, for the plaintiff.
S. B. Milton, for the defendant.