VICTORIA C. GRANT *vs.* FRED E. CARLISLE.

Hampden.    September 20, 1951. — November 2, 1951.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Contract*, Of employment. *Workmen's Compensation Act*, To whom act
applies, Employment. *Agency*, What constitutes. *Words*, "Express."

A finding that a woman injured in an automobile accident while being
driven by the defendant to his summer residence was then an "em-
ployee" of the defendant within § 1 (4) of G. L. (Ter. Ed.) c. 152,
the workmen's compensation act, was not required by evidence of the cir-
cumstances in which she had previously assisted in the work of a
friend of hers, a domestic servant employed by the defendant, at his
home, of conversations relative to her going to the summer residence
which resulted in an arrangement whereby the defendant was to
drive her there, and of her intent in going there.

Evidence that the owner of a summer residence left the hiring of domestic
help to his wife, that she informed an employee that extra guests
would be there "over the Fourth of July," whereupon they talked
about extra help, that subsequently the employee asked a friend to
come there to help her and the friend agreed, that the employee told
her friend that "she would possibly get as much as . . . [the employee]
received for pay" and would be there about two weeks, that the sub-
stance of such conversation between the employee and her friend was
communicated to the owner's wife, and that the owner agreed to
transport the friend there, failed to show that the owner or anyone
authorized to act for him entered into a contract of hire with the
friend the terms of which were expressly stated within the meaning
of "express" contract in § 1 (4) of G. L. (Ter. Ed.) c. 152, the work-
men's compensation act.

TORT. Writ in the Superior Court dated April 14, 1948.
The action was tried before *Giles*, J.

*J. D. Ross, Jr.*, for the defendant.

*G. W. Leary*, for the plaintiff.

SPALDING, J. The plaintiff brings this action of tort to
recover damages for personal injuries sustained while riding
in an automobile owned and operated by the defendant.
The accident occurred in Lebanon, Connecticut, on July 3,
1947. The plaintiff had a verdict. The questions for deci-

sion arise out of the defendant's exceptions to the denial of his motion for a directed verdict and to a portion of the judge's charge.

The defendant's answer alleges, in part, that he was an insured person under the workmen's compensation act. G. L. (Ter. Ed.) c. 152. See *Pell* v. *New Bedford Gas & Edison Light Co.* 325 Mass. 239. It is not disputed that the defendant was insured under a workmen's compensation policy that would cover the plaintiff if she was an employee of the defendant at the time of the accident. See G. L. (Ter. Ed.) c. 152, §§ 1 (4), as amended; 25B, inserted by St. 1943, c. 529, § 7. The plaintiff concedes that if she was an employee of the defendant then she cannot maintain this action, for she did not reserve her common law rights under G. L. (Ter. Ed.) c. 152, § 24. See *Adiletto* v. *Brockton Cut Sole Corp.* 322 Mass. 110. The defendant on the other hand concedes that if the plaintiff's rights are at common law and not under c. 152 then she was entitled to recover. Both in the trial court and here the case has been presented on the footing that the applicable compensation act is the Massachusetts act, and we shall deal with the case on that basis. See *McLaughlin's Case,* 274 Mass. 217; *Bauer's Case,* 314 Mass. 4.

The following is a summary of the evidence most favorable to the plaintiff: The plaintiff, a woman seventy-one years of age, was a friend of one Mrs. Saffer, a domestic servant employed by the defendant. On two occasions at the defendant's home in Springfield the plaintiff had assisted Mrs. Saffer to "clean up after dinner" so that she could "get out early." On one of these occasions, when asked by the defendant's wife if she owed her anything for what she had done, the plaintiff stated that nothing was due. Whereupon the defendant's wife handed the plaintiff $1 so that she and Mrs. Saffer could go to the "movies." Sometime in June, 1947, Mrs. Saffer learned that the defendant and his family were going to spend the summer in Stonington, Connecticut, and she informed the plaintiff of this. Because they were friendly and liked to be together,

they discussed the possibility of the plaintiff coming to Stonington to assist Mrs. Saffer for a period of two weeks commencing on July 3. The plaintiff told Mrs. Saffer that she would be willing to go. At different times Mrs. Saffer informed the defendant's wife of conversations she had had with the plaintiff relative to the latter's coming to Stonington, and this information was conveyed to the defendant by his wife. Shortly prior to July 3 the plaintiff received a telephone call from the defendant who asked her if she was going to Stonington. The plaintiff told him that she was and the defendant said he would call for her on the afternoon of July 3. In accordance with this arrangement the defendant called for the plaintiff and the accident occurred while she was being transported to Stonington in the defendant's automobile.

The plaintiff testified that she was going to Stonington "to have a good time with her friend, Mrs. Saffer"; that Mrs. Carlisle (the defendant's wife) "did not hire her to go down there"; that she was going to help Mrs. Saffer; and that she never discussed employment with either the defendant or his wife. The plaintiff also testified that when she left Springfield for Connecticut with the defendant she did not have any thought of work or pay, "but was merely intent on getting away from home." In answer to a question whether she expected to be paid for her work in Stonington she replied that "she did and she didn't." When asked if she expected to work while she was in Stonington the plaintiff answered, "I never go anywhere, visiting . . . unless I work." At one point in her testimony she said, "Mrs. Carlisle probably would have paid me."

The defendant testified that he paid all the household bills but left all matters relating to the hiring of help to his wife. The defendant's wife testified that the plaintiff "was never an employee of mine."

1. With respect to the defendant's motion for a directed verdict the parties are agreed that the only question presented is whether the evidence establishes as matter of law that the plaintiff at the time of the accident was an "em-

ployee" of the defendant as that word is used in G. L. (Ter. Ed.) c. 152. Section 1 (4) defines "Employee" as including "every person in the service of another under any contract of hire, express or implied, oral or written . . . ." It is familiar law that "a verdict will not be directed for a party unless the evidence when construed most favorably to the opposite party would not warrant a contrary verdict, or unless evidence by which such opposite party is bound would make impossible a verdict in his favor." *Salem Trust Co.* v. *Deery,* 289 Mass. 431, 433. *Reardon Importing Co.* v. *Security Trust Co.* 318 Mass. 304, 307. Applying that test here, it is plain that the defendant's motion for a directed verdict could not properly have been granted. The evidence fell far short of establishing as matter of law that the plaintiff was an "employee" within the definition in § 1 (4). At most the question was one of fact. We are not called upon to decide whether a finding that the plaintiff was an employee would have been warranted on the evidence. It is enough for present purposes to decide that such a finding was not required. This conclusion is not at variance with *Cameron* v. *State Theatre Co.* 256 Mass. 466, on which the defendant relies. The differences between that case and the present one are so obvious that they need not be pointed out.

2. The defendant's other exception relates to a portion of the charge. The judge, subject to the defendant's exception, charged the jury in part as follows: "Gentlemen: this is the plaintiff's request number seven: 'As a matter of law the plaintiff never entered into an express contract of hire with the defendant so as to become an employee within the meaning of the word "Employee" . . . in G. L. (Ter. Ed.) c. 152, § 1, as amended.' That request concerns an express contract, not an implied contract."

The defendant contends that this instruction was erroneous for the reason that there was some evidence of an express contract. The evidence relied on by the defendant in support of his contention is that the defendant left the matter of hiring domestic help to his wife; that his

wife informed Mrs. Saffer that there would be extra guests at Stonington "over the Fourth of July"; that as a result of this information Mrs. Saffer had a conversation with the defendant's wife regarding some extra help; that following this conversation Mrs. Saffer asked the plaintiff to come to Stonington to help her and the plaintiff agreed to come; that Mrs. Saffer told the plaintiff that "she would possibly get as much as she . . . [Mrs. Saffer] received for pay"; that Mrs. Saffer told the plaintiff that she would be in Stonington about two weeks; that the defendant agreed to furnish transportation for the plaintiff; that the substance of each conversation between Mrs. Saffer and the plaintiff was conveyed to the defendant's wife; and that on the day of the accident the defendant called for the plaintiff and transported her to Connecticut in his automobile.

We are of opinion that the foregoing evidence fails to show that the defendant or persons authorized to act on his behalf entered into an express contract with the plaintiff. The word "express" as applied to a contract in G. L. (Ter. Ed.) c. 152, § 1 (4), signifies a contract where the terms are expressly stated in contradistinction to an implied contract where an agreement is inferred from the conduct of the parties and from the attendant circumstances. See *W. A. Snow Iron Works, Inc.* v. *Chadwick*, 227 Mass. 382, 390; Williston on Contracts (Rev. ed.) § 3. It was not error, therefore, for the judge to instruct the jury as he did. It is to be noted that the judge, after giving the challenged instruction, told the jury that it "concerns an express contract, not an implied contract." Thus the possibility of the jury finding that there was an implied contract was not eliminated. That was all the defendant was entitled to. The defendant did not except to any other part of the charge and it is not set forth in the record. It is to be assumed that proper instructions were given on all issues in the case. *Donnelly* v. *Larkin*, 327 Mass. 287, 289.

*Exceptions overruled.*