HAROLD A. LEVENTHAL *vs.* ALVIN J. PIERCE & another.

Suffolk.   December 9, 1954. — December 29, 1954.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Bills and Notes,* Mortgage note.   *Mortgage,* Of real estate: deficiency
after foreclosure.   *Pleading, Civil,* Admissions in pleadings, Repli-
cation.

Allegations of fact made in the answer in an action and not denied in a
replication filed by the plaintiff by order of court are admitted by the
plaintiff.   [119]

Admissions by the plaintiff in an action against an indorser on a promis-
sory note, that in another proceeding brought by the same plaintiff
such note had been ruled to be secured by a real estate mortgage, that
the mortgage had been foreclosed and the proceeds of the foreclosure
credited on the note "to arrive at" the balance claimed by the plain-
tiff, and that the plaintiff had not given the defendant the notice
and warning prescribed by G. L. (Ter. Ed.) c. 244, § 17B, inserted by
St. 1945, c. 604, § 1, did not sufficiently show that the plaintiff as the
holder of a real estate mortgage note was attempting to recover a de-
ficiency after foreclosure or that § 17B was applicable, and did not
support allowance of a motion for judgment by the defendant.   [120]

CONTRACT.   Writ in the Municipal Court of the City of
Boston dated January 20, 1954.

Upon removal to the Superior Court, the action was heard
by *Fairhurst,* J.

*Joseph E. Levine,* for the plaintiff.

*George K. Black,* (*Joseph A. Furnari* with him,) for the
defendants.

SPALDING, J.   In this action of contract the plaintiff
sought to recover on six promissory notes.   The declaration
contains a pair of counts for each note.   We need not con-
cern ourselves with the first pair, for at the arguments be-
fore us the plaintiff conceded that he was not entitled to
recover.   Following, apparently, the procedure employed in
*Adiletto* v. *Brockton Cut Sole Corp.* 322 Mass. 110, the par-
ties submitted the case on the pleadings.   The defendants

then presented motions for judgments, which were allowed subject to the plaintiff's exceptions. The plaintiff also excepted to the denial of certain requests for rulings presented by him, but inasmuch as they raise the same questions raised by the exceptions to the motions they need not be discussed.

It becomes necessary to set forth the pleadings in some detail. Since the allegations here material are substantially the same in all of the counts now before us, a recital of one of the counts will suffice. The third count reads: "[T]he plaintiff . . . says that A. J. Pierce Corporation executed a promissory note payable to the order of Harold A. Leventhal dated January 10, 1952, in the sum of $4,325, payable in the manner set forth in said note, which note the defendants, Alvin J. Pierce and Leonard M. Pierce have indorsed, all of which appears on copy of note hereto annexed and marked 'B'; and the plaintiff says that the defendants are entitled to credits in the sum of $3,875 and that a balance of $450 is now due. Wherefore the defendants owe the plaintiff the sum of $450 together with interest from May 12, 1953, in the sum of $27.64, making a total due of $477.64." The note attached to the declaration was payable to Harold A. Leventhal and it was signed "A. J. Pierce Corporation By Leonard M. Pierce, Treas." The signatures of Alvin J. Pierce and Leonard M. Pierce, the defendants, and Constant J. Pieczkowski appeared on the back of the note.[1]

The answers of the defendants were the same. Each answer contained, in addition to a general denial, the following affirmative allegations: "In *Harold A. Leventhal* vs. *Mary Ann Pieczkowski*, Suffolk Superior Court, 65957 Equity, this court ruled that the promissory notes, which are the subject of this action, were secured by a mortgage on the real estate known as 31 Lexington Avenue in the Hyde Park District of Boston." The answers then went on to allege that the plaintiff in the present action was the

---

[1] In the counts (5 to 12, inclusive) relating to the other notes now before us it is alleged that Sarah Mogul was the payee and that the plaintiff is now the holder. But in other respects the material allegations do not differ from those in count 3.

plaintiff in that suit; that on October 29, 1953, the aforesaid mortgage was foreclosed by public auction; that the proceeds of the said auction have been credited to the notes in this action, "to arrive at the balances alleged by the plaintiff to be now due in this action"; that the defendant "indorsed said notes as an accommodation indorser for the makers thereof and before delivery thereof"; and that the plaintiff never gave to the defendant the notice of the mortgagee's intention to foreclose together with a warning of liability for deficiency, in the manner and within the time prescribed by G. L. (Ter. Ed.) c. 244, § 17B, inserted by St. 1945, c. 604, § 1, or executed the affidavit required by that statute.

Motions were made by the defendants that the plaintiff be ordered to reply specifically to each of the allegations contained in their answers, and these motions were allowed. G. L. (Ter. Ed.) c. 231, § 34. The plaintiff filed a replication to each answer stating that he "does not claim" to have given the defendants the notice required by § 17B, but "does not . . . admit" that he was required to do so in the circumstances; the allegations in the answers were not denied.

It was on these pleadings that the judge ordered judgments for the defendants. If upon the facts admitted in the pleadings a party cannot prevail, it is an appropriate case for an order of judgment against him on the pleadings. *Adiletto v. Brockton Cut Sole Corp.* 322 Mass. 110. *Pell v. New Bedford Gas & Edison Light Co.* 325 Mass. 239. There is nothing in the declaration which would present a case for the application of § 17B, for it does not there appear that the notes therein mentioned were mortgage notes.[1] But the allegations set up in the answers were admitted by the failure of the replications to deny them (*Adiletto v. Brockton Cut Sole Corp.* 322 Mass. 110, 113), and it remains to

---

[1] Section 17B provides that "No action for a deficiency shall be brought . . . by the holder of a mortgage note or other obligation secured by mortgage of real estate after a foreclosure sale by him . . . unless a notice in writing of the mortgagee's intention to foreclose the mortgage has been mailed . . . to the defendant sought to be charged with the deficiency . . . together with a warning of liability for the deficiency . . . not less than twenty-one days before the date of the sale under the power in the mortgage."

consider whether this put enough into the pleadings to make § 17B applicable. Of course if § 17B were applicable the judge properly ordered judgments for the defendants, for the plaintiff in his replications concedes that he never gave the notice required by that section.

We are of opinion that there is not enough in the pleadings to make § 17B applicable. The fact that the plaintiff admitted that the Superior Court in another case against a different defendant had "ruled that the promissory notes, which are the subject of this action, were secured by a mortgage on the real estate known as 31 Lexington Avenue in the Hyde Park District of Boston" did not have the effect of bringing the notes in question within the provisions of § 17B. From this record we know nothing about the action in which the ruling was made; the record there is no part of the record here. And we have no way of knowing the circumstances that gave rise to that ruling. Nor has the mortgage referred to in the quoted provisions of the defendants' answers been made part of the record here. In short the pleadings failed to show beyond conjecture that the plaintiff as the holder of notes secured by a mortgage of real estate was attempting to recover a deficiency after a foreclosure sale. All that we have before us is the fact that a judge in some other case had ruled that the notes now sued upon were secured by a mortgage of real estate. The plaintiff could admit that such a ruling had been made without subjecting himself to the provisions of § 17B. Moreover there can be situations involving a mortgage of real estate where § 17B is not applicable. *Palumbo* v. *Audette,* 323 Mass. 559. From what appears in this record — and the bill of exceptions states that it contains all the facts material to the issues here raised — we are of opinion that the judge erred in ordering judgments for the defendants on counts 3 to 12, inclusive. Accordingly the exceptions must be sustained as to these counts and overruled as to counts 1 and 2.

*So ordered.*