LILLIAN G. TOWLE *vs.* JOHN HANCOCK MUTUAL LIFE
INSURANCE COMPANY.

Worcester. September 27, 1955. — December 12, 1955.

Present: QUA, C.J., RONAN, SPALDING, & WILLIAMS, JJ.

*Insurance,* Accident insurance. *Workmen's Compensation Act,* Injuries
to which act applies. *Words,* "Arise out of and in the course of em-
ployment," "For wage or profit."

In a group insurance policy issued to an employer containing an agree-
ment by the insurer to pay a stipulated amount to the designated
beneficiary of an employee who lost his life as a result of accidental
bodily injuries which did not "arise out of and in the course of employ-
ment for wage or profit," those words, in the light of the policy read as
a whole, precluded payment of the death benefit to the beneficiary of
an employee whose death resulted from an injury compensable under the
workmen's compensation act, even though at the time of injury he was
not actually engaged in a task for which he was to be paid. [347]
A fatal injury sustained by an employee after he had completed work one
night shortly before Christmas when he was struck by an automobile
on his employer's premises while going to get one of the turkeys
which his employer customarily gave to employees at Christmas time
arose "out of and in the course of employment for wage or profit"
within the meaning of those words in an accident insurance policy ex-
cluding loss of life through injuries so arising from the coverage of the
policy. [348]

CONTRACT. Writ in the Superior Court dated May 5,
1947.

The action was heard by *Meagher,* J.

*Charles W. Proctor,* for the defendant.

*Alphonse P. San Clemente,* for the plaintiff.

WILLIAMS, J. This is an action of contract by the widow
of one Richard A. Towle to recover benefits for the loss of
his life provided by a certificate held by the decedent under
a group insurance policy issued by the defendant to his em-
ployer, the Norton Company. The certificate contained an
agreement by the defendant to pay a stipulated amount to

the designated beneficiary of the employee for loss of his life "as a result of bodily injuries sustained solely through external, violent, and accidental means, directly and independently of all other causes, and which do not arise out of and in the course of employment for wage or profit."

There was evidence, substantially undisputed, that the decedent, who was an employee of the Norton Company, completed his work on December 23, 1946, at 11 P.M. On that night in accordance with a long established custom the company was giving Christmas turkeys to its employees. While the decedent was proceeding along C Street, a private way owned by the company, to a shed off C Street for his turkey he was struck by an automobile driven by a fellow employee and received injuries which resulted in his death. Thereafter the plaintiff signed and filed with the Industrial Accident Board an agreement with the company which insured the Norton Company under the workmen's compensation act and received compensation for her husband's death under the provisions of the act. At the conclusion of the evidence the defendant presented the following requests for rulings: "1. The plaintiff cannot recover in this case if the injuries which caused the death of the decedent 'arose out of and in the course of employment for wage or profit, while in the employ of the employer,' the Norton Company . . . . 2. The injuries which caused the decedent's death did arise out of and in the course of employment for wage or profit while in the employ of the employer, the Norton Company. 3. The plaintiff having accepted the benefit of payments under the workmen's compensation act cannot now claim the benefit of this insurance. 4. The burden of proof is on the plaintiff to show that the injuries which caused the decedent's death did not arise out of and in the course of the employment for wage or profit while in the employ of the employer, the Norton Company . . . ." The judge granted requests numbered 1 and 4, denied requests numbered 2 and 3, and found for the plaintiff. The exceptions of the defendant are to the denial of its requests and to the finding for the plaintiff.

Although conceding that her husband's fatal injuries arose out of and in the course of his employment she contends that they did not arise out of and in the course of employment for wage or profit because at the time they were incurred he was not actually engaged in work for which he was to be paid. The provision for payment of compensation for injuries arising out of and in the course of employment is common to acts relating to workmen's compensation. See G. L. (Ter. Ed.) c. 152, § 26, as amended. The words "arise out of and in the course of employment" have, by judicial decision, acquired a definite meaning which is generally recognized. When used as here in an accident insurance policy we see no reason to doubt that they were intended to have the same meaning which they have in a workmen's compensation act. The words "for wage or profit" only refer to the kind of employment out of and in the course of which the injury for which compensation is sought must arise. They serve to emphasize the requirement in compensation acts that the employment must be under a contract for hire. See G. L. (Ter. Ed.) c. 152, § 1, as amended. We think that the phrase in the policy, the construction of which the plaintiff questions, was inserted in order to exclude from the benefits of the policy persons whose claims are based on injuries compensable under workmen's compensation statutes. That this was the intent of the contracting parties finds support in another section of the policy which provides a weekly indemnity for sickness. Under our compensation act, and we think generally, disease is compensable only where it rightly may be described as a personal injury. See *Pell* v. *New Bedford Gas & Edison Light Co.* 325 Mass. 239, 241–242. To make clear that the weekly indemnity shall be paid only in cases of sickness which are not subject to workmen's compensation the policy expressly provides that it is not payable "on account of sickness for which the employee is entitled to benefits under any workmen's compensation law or act." Nothing in the policy suggests that payments for accidental injury were to carry any limitations different from those made for sickness.

A reading of the policy as a whole leads to the conclusion that its purpose was to provide insurance for employees in case of death, injury, or disease incurred in circumstances where neither they nor their beneficiaries would otherwise receive compensation.

It is settled that an employee, in order to be entitled to compensation, "need not necessarily be engaged in the actual performance of work at the moment of injury. It is enough if he is upon his employer's premises occupying himself consistently with his contract of hire in some manner pertaining to or incidental to his employment." *Souza's Case*, 316 Mass. 332, 335. Here the deceased employee, while on the employer's premises, was proceeding at the invitation of the employer to receive a gratuity offered to him as an incident of his employment. The defendant was therefore entitled to the ruling called for by its request numbered 2. As the decedent's death arose out of and in the course of his employment for wage his beneficiary is excluded from benefits under the policy.

*Exceptions sustained.*
*Judgment for the defendant.*