JOHN VERGOBBI & another *vs.* JOSEPH CORMAN CORPORA-
TION.

Suffolk.  February 2, 1959. — February 27, 1959.

Present: WILKINS, C.J., RONAN, SPALDING, WILLIAMS, & CUTTER, JJ.

*Pleading, Civil*, Replication.  *Practice, Civil*, Judgment on the pleadings,
Hearing without jury.

An order that the plaintiff in an action file a replication to a certain
paragraph of the defendant's answer, "specifically setting forth in said
replication what parts are admitted and what parts are denied as pro-
vided in G. L. c. 231, § 34," was not complied with by a replication
wherein the plaintiff "generally" denied the allegations of that para-
graph and, "not waiving his general denial thereto," specifically ad-
mitted certain facts alleged in the paragraph, averred ignorance of
another fact alleged therein and neither admitted nor denied it, and
did not mention specifically still another fact alleged therein.  [609]
In an action in which the plaintiff claimed a jury trial and filed a replica-
tion to the defendant's answer by order of the court under G. L. c. 231,
§ 34, and the defendant then filed a motion for judgment on the
replication, at the hearing of which it appeared that material issues
of fact remained to be determined, it was reversible error on the part
of the trial judge to hear evidence on and decide those issues without
jury and to grant the defendant's motion for judgment, even though
the replication filed did not comply with the court's order for a replica-
tion.  [609]

TORT.  Writ in the Superior Court dated September 30,
1957.

The action was reported by *Smith*, J.

*Joseph P. Rooney*, for the plaintiffs.

*Eugene C. McCabe*, for the defendant.

WILKINS, C.J.  This action of tort is reported on the
correctness of rulings made by the judge before granting the
defendant's motions for judgment.  The declaration con-
tains two counts.  In count 1 the plaintiff Vergobbi alleges
that on or about May 14, 1957, while he was on a staging or
scaffolding erected and maintained by the defendant at
"Logan Airport" in Boston, the staging or scaffolding

collapsed by reason of the defendant's negligence, and he fell and was injured. In count 2 the plaintiff Robert W. Weber, Junior, makes identical allegations.

The defendant filed an identical answer to each which contains a general denial, a defence of contributory negligence, and a third paragraph, which reads: "And further answering, the defendant says that at the time alleged in the plaintiff's declaration the plaintiff was an employee of the J. J. Crespi Co.; that the said J. J. Crespi Co. was a subcontractor of the defendant and was engaged in work which was a part of or process of [*sic*] the trade or business carried on by the defendant; that the defendant was the general contractor; and that both said J. J. Crespi Co. and the defendant were covered by the 'workmen's compensation act' so called; that the plaintiff was injured while working for the said J. J. Crespi Co. and his injury arose out of and in the course of his employment as such; that the plaintiff ·has been paid compensation under the provisions of c. 152 of the 'workmen's compensation act' by the said J. J. Crespi Co. and therefore the plaintiff cannot recover in this action."

Thereafter the defendant moved that each plaintiff file a replication to paragraph 3 of the respective answers. Orders were entered that each plaintiff file "a replication to paragraph No. 3 of the defendant's answer, specifically setting forth in said replication what parts are admitted and what parts are denied as provided in G. L. c. 231, § 34." [1] Each plaintiff filed a replication reading as follows: "Now comes the plaintiff John Vergobbi [Robert W. Weber, Junior] and generally denies the allegations of paragraph 3 of the defendant's answer. And further replying to the said paragraph, but not waiving his general denial thereto, the plaintiff specifically admits that at the time alleged in his declara-

---

[1] "The plaintiff may, at any time before trial, file a replication to the answer, clearly and specifically stating any facts in reply to new matter therein; but, except as herein provided, no further pleading shall be required after the answer. Any new matter in avoidance of the action which the answer contains shall be considered to be denied by the plaintiff without a replication, unless the court, upon motion of the defendant, requires him to reply thereto, and to state what part, if any, he admits or denies."

tion the plaintiff was an employee of Joseph J. Crespi; that
the said Joseph J. Crespi was a subcontractor of the defend-
ant; that the said Joseph J. Crespi was covered by the pro-
visions of G. L. (Ter. Ed.) c. 152; that the plaintiff was
injured while working for the said Joseph J. Crespi; and
that the plaintiff has been paid compensation under the
provisions of G. L. (Ter. Ed.) c. 152. And further replying
to the said paragraph, but not waiving his general denial
thereto, the plaintiff has no knowledge of whether the de-
fendant was covered by the provisions of G. L. (Ter. Ed.)
c. 152, and neither admits nor denies such."

The defendant then filed motions for judgment on the
replications. The judge states in his report that at the
hearing on the motions it appeared that there were two
issues: (1) whether the defendant was insured under the
workmen's compensation act; and (2) whether the injuries
arose out of or in the course of employment which was a
part of or process in a trade or business carried on by the
defendant contractor, Joseph Corman Corporation, or
merely ancillary and incidental to it.

The plaintiffs, who had filed claims of jury trial, objected
to these issues being heard by the judge sitting without jury.
The judge overruled the objection, and the plaintiffs ex-
cepted. At the hearing the plaintiffs agreed that the de-
fendant was insured under the act.

After hearing evidence on the second issue, the judge
found that at the time of their injuries the work in which the
plaintiffs were engaged was a part of or process in the trade
or business carried on by the defendant and not merely
ancillary and incidental to it. See G. L. c. 152, § 18 (as
amended through St. 1939, c. 93). Other findings were that
the defendant, a general contractor which held no plumber's
license, had entered into a contract with the United States
government, acting through the Department of Commerce;
Civil Aeronautics Administration, to finish a floor of "New
Control Tower Building"; that Crespi was employed by
the defendant as the plumbing subcontractor; and that the
plaintiffs were employees of Crespi.

The replications were not a compliance with the orders. Both the orders and the statute upon which they were expressly based required the plaintiffs to state what parts of the respective answers were admitted and what parts denied. As to some parts of the answers the plaintiffs endeavored to do both. Were it not for the statements in the replications that the denial was not waived, it might have been possible to interpret the replications as containing (1) an admission respecting those allegations expressly admitted and (2) a denial of the others. See *Pell* v. *New Bedford Gas & Edison Light Co.* 325 Mass. 239, 240–241. In the circumstances, however, it could not be ruled that the replications by express admission or failure to deny had admitted enough to permit the application of the rule of *Adiletto* v. *Brockton Cut Sole Corp.* 322 Mass. 110.

The plaintiffs were, and are, undoubtedly subject to nonsuit for failing to file replications which comply with the orders. But the judge was not thereby empowered to proceed without jury to decide the remaining issues. The rulings on the plaintiffs' requests presented questions as to the sufficiency of the evidence, which are not likely to arise again.

*Orders for judgment reversed.*