*Northern District*
No. 6311
## CATHERINE MEYERS
v.
## HENRY J. CUMMINGS

*Present:* Brooks, P. J., *Connolly, J., Yesley, J. J.

Case tried to *Artesani, J.* in the Third District Court of Eastern Middlesex (East Cambridge)
No. 4135 of 1964
*(This opinion has been abridged)*

*Connolly, J. This action of tort* alleges that the plaintiff was injured as the result of the negligence of the defendant in the operation of a motor vehicle. It is further alleged that the plaintiff, at the time she received her injuries, was a passenger in the defendant's motor vehicle, having paid the defendant for transportation to and from work in a so-called car pool plan.

The answer of the defendant contains a gen-

eral denial, an allegation that the plaintiff was guilty of contributory negligence, a denial of agency, and that the statute of limitations barred the action. The original answer was amended by the addition of a further defense that the plaintiff was a fellow-employee of the defendant and her injuries allegedly occurred during the course of her employment and that the plaintiff has no cause of action at law against the defendant.

At the trial there was evidence that the only way for employees of the Lowell plant of the Raytheon Company to get to and from their homes to their work was by way of a car pool, there being no public transportation.

The defendant duly made the following Requests for Rulings:

> (1) On all of the evidence a finding that the plaintiff and the defendant were co-employees of the Raytheon Company, Lowell, Massachusetts on April 12, 1962 is required.

> (2) On all of the evidence, a finding that both the plaintiff and the defendant were engaged in their common employment for their common employer, Raytheon Company, at the time and place of accident alleged by the plaintiff in her declaration is required.

> (3) On all of the evidence, a finding that the plaintiff may not maintain her ac-

tion of tort against the defendant is required.

(4)   On all of the evidence, a finding that the plaintiff's injuries as alleged in her declaration arose out of and in the course of her employment is required.

(5)   On all of the evidence, a finding for the defendant is required.

The Court allowed #1 and denied #2, 3, 4 and 5.

The Court warrantably made the following findings of fact:

"There was evidence that plaintiff was a co-worker of the defendant; that both worked in the Lowell plant of Raytheon Company; that defendant drove plaintiff back and forth to work each day for which she paid him five dollars ($5.00) per week; that on day of accident, both parties left after their day's work and with others got into defendant's car in the Raytheon Company parking area and started to drive home; that defendant was in one row of cars; that he crossed a passageway and went through the middle of two rows of parked cars and was about to go out into another passageway when he stopped; that he looked to left and saw nothing; that he looked to right and saw nothing; that he started up and looked to left and another car was about on him; that he braked hard and came to a stop and other

car' went around him with no contact; that when he braked hard, plaintiff who was in back seat was thrown against the front seat and was injured; that as a result of said injuries, she received medical treatment and was incapacitated from her employment."

"The Court finds that the defendant was negligent in the operation of his automobile; that said negligence was the cause of the injuries received by the plaintiff; that the plaintiff was a passenger for hire."

The Court found for the plaintiff and assessed damages in the sum of $4800.00.

There was no prejudicial error.

▉▉▉▉ The facts required a ruling that the injury to the plaintiff arose out of and in the course of her employment by the defendant. *Roger's Case,* 318 Mass. 308; *Adiletto* v. *Brockton Cut Sole Corp.,* 322 Mass. 110.

If the Raytheon Company were insured under the Workmen's Compensation Act and the plaintiff had not reserved her right of action at common law, the plaintiff could not maintain this action. *G. L. (Ter. Ed.) c. 152, § 24; Pell* v. *New Bedford Gas & Edison Light Company,* 325 Mass. 239; *White* v. *E. T. Slattery Co.,* 236 Mass. 28.

However, the defendant had the duty to plead that the Raytheon Company was insured under

the act. *Levin* v. *Twin Tanners Inc.*, 318 Mass. 13.

The court added by amendment, "that the plaintiff was a fellow employee of the defendant and her injuries allegedly occurred during the course of her employment, and that the plaintiff has no cause of action at law against the defendant," does not go far enough. Without the further allegation of insurance under the Workmen's Compensation Act by the Raytheon Company, it is nugatory.

Further, nowhere in the report is there any evidence of such insurance by the Raytheon Company.

Under the facts, requests #2 and #4, while good law, did not apply in this case and their denial did not constitute prejudicial error. Requests #3 and #5 were properly denied.

There being no prejudicial error, the Report is dismissed.

JAMES F. FREELY, JR.
    for Plaintiff

HUGH L. MOORE
    for Defendant