ANNA LURENSKY & others *vs.* MARVEL HEAT CORPORATION. November 13, 1973. This is an action in which the plaintiffs joined against the defendant corporation for breach of contract and for negligence resulting in damage to the plaintiffs' real property. The case was tried to an auditor (findings not final), who found for the plaintiffs on both counts and assessed damages of $5,500. The case was then tried before a jury, which returned verdicts of $5,500 on each count. At trial the defendant moved to strike the auditor's general findings on the ground that they were not adequately supported by subsidiary findings of fact, as required by the amendment to Rule 86 of the Superior Court, effective July 1, 1961, and therefore constituted "erroneous opinion[s] of law." G. L. c. 221, § 56. The motion was denied and the defendant excepted. On the issues of negligence and breach of contract, the subsidiary findings of the auditor were clearly adequate, and we find no error in the trial judge's ruling. As to damages, however, the auditor's findings were less than sufficient. His assessment of $5,500 was supported only by findings that

"many" radiators in the building were damaged, the floors and "many" walls were wet and damage to the building was "very extensive." This finding discloses neither the standard used by the auditor to calculate damages nor the manner in which he arrived at the figure of $5,500. It cannot be said to meet the requirement, imposed by Rule 86, that the auditor "find the subsidiary facts on each issue tried, including the issue of damages . . . and report them . . . to the court . . . ." We conclude that it was error to deny so much of the defendant's motion to strike as related to the auditor's assessment of damages. During the subsequent jury trial, the defendant moved to strike a certain word used by a witness, to wit: the word "automatically," on the ground that it constituted a conclusion of law. This common word in every day use, clearly descriptive of action that is self-regulating, self-governing, and mechanical, is not a conclusion of law or fact, and the court did not err in refusing to strike it. Finally, the trial judge acted correctly in denying the defendant's motion for directed verdicts. It is familiar law that "a verdict will not be directed for a party unless the evidence when construed most favorably to the opposite party would not warrant a contrary verdict, or unless evidence by which such opposite party is bound would make impossible a verdict in his favor." *Salem Trust Co.* v. *Deery,* 289 Mass. 431, 433 (1935). *Grant* v. *Carlisle,* 328 Mass. 25, 28 (1951). *Kingsley* v. *Massachusetts Bay Transp. Authy., ante,* 838 (1973), and cases cited. In light of the evidence introduced in the plaintiffs' behalf, the trial judge could not properly have directed verdicts for the defendant. The case is remanded to the Superior Court for a new trial on the issue of damages only, either before the same or a different auditor or before the court.

*So ordered.*

*William D. Joyce* for the defendant.
*William B. Baker* for the plaintiffs.